[Civ. No. 1600.    First Appellate District.—June 14, 1915.]

## AMERICAN CAN COMPANY, Appellant, v. THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, Respondent.

FIRE INSURANCE—RENEWAL OF POLICY—EVIDENCE—NOTICE OF EXPIRATION—DELIVERY OF RENEWAL SLIPS.—In an action to recover upon an alleged renewal of a policy of fire insurance, sufficient proof of the sending out by the company of an expiration notice notifying the insured of the approaching expiration of the policy is made by proof of the usual course of business of insurance companies in the matter of sending out expiration notices; and where it is also shown to be the universal custom of such companies to state in such notices whether the company solicited renewal of the policy or sought its discontinuance, the delivery of a renewal slip to the company for such policy is sufficient to deduce an inference therefrom that it was delivered pursuant to such notice, and it is error to withdraw the case from the jury and to direct the return of a verdict for the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Chickering & Gregory, for Appellant.

Goodfellow, Eells, Moore & Orrick, for Respondent.

RICHARDS, J.—This is an action to recover the sum of three thousand dollars upon an alleged renewal of a policy of fire insurance. The original complaint was filed on November 19, 1906, and the cause came to issue and trial upon said complaint in April, 1907, whereupon a judgment was entered in favor of the plaintiff and against the defendant for the sum demanded in said complaint. Upon an appeal from said judgment it was reversed, the opinion of this court reversing the same being reported in 12 Cal. App. 133, [106 Pac. 720]. Thereafter the plaintiff filed an amended complaint, and issue being joined thereon the cause was retried before a jury, whose verdict was rendered in favor of the defendant under the instruction of the court to so find, which instruction was based upon the view of the trial court that the decision of this court upon the former appeal constituted the law of the case.

The facts of the case as presented upon both trials are practically undisputed. The plaintiff, a business corporation having a factory and warehouse in the city of San Francisco, had prior to April 18, 1906, carried with the defendant a policy of insurance in the sum of three thousand dollars on its stock of merchandise in its said factory and warehouse, which policy was by its terms to expire at 12 o'clock noon of said eighteenth day of April. The firm of brokers who handled appellant's insurance as its agents were Watson, Taylor & Sperry, and a young man named Roy, who was an employee of that firm, had the insurance of the plaintiff actively in charge. The defendant was represented in San Francisco by the firm of Edward Brown & Sons, and the city department of their business was handled by a Mr. Fred Brown, one of the employees, though not a member of the firm. On April 17, 1906, at about the hour of 5:30 P. M., Mr. Roy came into the office of Edward Brown & Sons with some papers technically called "renewal slips," and which contained sufficient data to enable the insurance company to write new policies in renewal of those about to expire.

Mr. Brown was about to close the office of his firm for the day when Roy entered and said, "Fred, here are some renewals for you." Brown replied, "All right," and without opening or reading them put them in his drawer, and then closed and left the office for the day. It appears that Brown did not examine these renewal slips at the time, and it is not shown that he knew to what property or policies these renewal slips related. On the morning of the following day the earthquake occurred, and during the afternoon of that day the factory and stock of goods of the plaintiff were destroyed by fire.

Upon the first trial of the case the foregoing facts appeared; and in addition thereto the witness Roy testified "that it is customary with all insurance companies to have what they call expiration notices sent to the brokers of the assured a month before the policy expired at least." He further testified that "they always send out expiration notices, and if the policy was to be dropped they marked it on the expiration notice." This witness could not say that the particular notice had been sent in this case, and could not remember any notice that the policy was to be dropped.

Upon the foregoing state of the evidence the plaintiff recovered judgment upon the first trial. Upon appeal to this court this judgment was reversed, Mr. Presiding Justice Cooper writing the opinion of the court, and treating the language of the plaintiff's complaint as alleging an agreement for the renewal of the plaintiff's insurance initiated by the action of Mr. Roy in bringing to the defendant's office the written forms or slips for such renewal, and their receipt and acceptance by Mr. Brown on behalf of the defendant on the evening of April 17, 1906. The court held that this evidence was not sufficient to show that the minds of the parties had met upon the subject of the renewal of this policy, since it did not appear that Mr. Brown was informed of the contents of the renewal slips, or the property or policy to which they related, at the time of the brief conversation between himself and Mr. Roy, or at any later time before the destruction of the property by fire on the following day. In so ruling the court treated the asserted agreement of renewal as one in which the plaintiff had made the initial offer for a renewal of the policy, which offer the defendant had not been shown to have accepted. Upon petition for rehearing, how-

ever, the plaintiff and respondent upon that appeal laid emphasis upon the testimony of the witness Roy as showing that it was the universal custom of insurance companies to send out expiration notices, and that the plaintiff relied upon the proof of this custom to support a presumption that such notice was sent by the defendant to the plaintiff or its agents in this instance, and hence that the initial offer to renew came from the insurer; and that this being so, the delivery of the written renewal slips by Roy to Brown constituted a completed agreement for renewal, even though Brown did not know the contents of the writing so delivered and received. In denying the petition for rehearing this court filed a brief supplemental opinion dealing with this phase of the case, and holding that the mere general statement of the witness Roy, that it was customary for companies to send out expiration notices, was insufficient to show that this particular company did send to this plaintiff a notice soliciting a renewal of the policy. In so holding the court called attention to the fact that the original complaint alleged and the court found that it was the plaintiff who first notified the defendant of its desire to renew the policy, and that it was the defendant who agreed and promised to renew it, and that there was no allegation in said complaint as to the defendant requesting and the plaintiff agreeing to a renewal.

Upon the return of the case to the trial court the plaintiff amended his original complaint by so broadening the language of its allegations as to meet the last criticism of the appellate court, and permit the plaintiff to offer proof that the initial step looking to a renewal of the policy was taken by the defendant.

Upon the issues thus presented the cause was retried, the plaintiff offering the same evidence as before, including the testimony of the witness Roy given on the former trial. In addition to this the plaintiff produced Mr. Fred Brown to whom Roy had handed the renewal slips on the evening of April 17, 1906. Mr. Brown testified that it was the usual course of business of the firm of Edward Brown & Sons to write up expiration notices about four weeks before the policy expired and send them to the agents of the insured, which in this instance would be the firm of Watson, Taylor & Sperry. He was then shown, and identified, a blank form of such expiration notice as his company was accustomed to

send forth, and which he testified were filled out by writing in the name of the insured, the number of the policy and the date of its expiration. This form of these notices had printed in it the words "Renewal of same is respectfully solicited"; but the witness further testified that if the policy was to be discontinued a note to that effect was made upon the expiration notice. Mr. Brown had no recollection as to whether any such expiration notice had in fact been sent to the insured or its agents in this instance, and there was no evidence whatever offered aside from the foregoing testimony of Roy and Brown tending in any degree to prove that an expiration notice, which either solicited the renewal of the policy or gave notice of its intended discontinuance, was sent or received in this particular case.

This state of the pleadings, issues, and evidence presented upon the second trial of this cause and now before this court upon appeal involves the consideration *in limine* of the question as to how far the decision of this court upon the first appeal is to be treated as the law of the case. It is not disputed by appellant that insofar as the pleadings as framed for the purposes of the second trial permit the same issue to be presented as that tendered upon the first trial, the decision of this court in its main opinion upon the former appeal must be held to be the law of the case. In other words if the plaintiff is to be considered as having taken the initiative in seeking to have its insurance policy renewed by the tender of the renewal slips by Roy to Brown on the evening of April 17, 1906, then the main decision of this court upon the former appeal must be held to be conclusive upon the trial court. On the other hand, insofar as the supplementary opinion of this court upon denying the petition for rehearing upon the former appeal undertook to decide a question not presented by the pleadings and issues then before the court, such decision could not have properly become the law of the case so as to be binding upon the trial court on its second trial upon different pleadings and other and further evidence. To the foregoing extent we agree with the contention of the appellant that the supplementary opinion of this court upon the former appeal is not to be treated as the law of the case in the sense that it was binding upon the lower court upon the second trial, or upon this court upon this appeal.

The next and only other question involved in this appeal is this: Was there any evidence presented by the plaintiff tending to prove that the defendant sent to the plaintiff, either directly or through its agents Watson, Taylor & Sperry, an expiration notice notifying it of the approaching expiration of its insurance policy, and soliciting a renewal of the same? If there is such evidence then we are of the opinion that the acceptance of such an offer of renewal, evidenced by the action of Mr. Roy in presenting the renewal slips to Brown on the evening of April 17, 1906, would have constituted a completed agreement for the renewal of this insurance policy, so as to have entitled the plaintiff to recover in this case, even though it appeared that Brown did not examine the renewal slips or become aware of their contents before the destruction by fire of the insured property upon the following day. (Civ. Code, secs. 1582, 1583; *Howard* v. *Daly,* 61 N. Y. 362, [19 Am. Rep. 285] ; *Adams* v. *Lindsell,* 1 B. & Ald. 681, [106 Eng. Reprint, 250].) The plaintiff contends that there is such evidence; and in support of this contention relies upon the presumption arising from proof of the usual course of business of insurance companies, and particularly of this defendant, in the matter of sending out expiration notices. It must be conceded that the plaintiff sufficiently proved by the testimony of both Roy and Brown that such was the usual custom of the defendant herein. From this proof the presumption of law arises that this defendant did transmit to the plaintiff herein, at some time before the date of expiration of its policy of insurance, an expiration notice (Jones on Evidence, 2d ed., p. 52; Wigmore on Evidence, sec. 92; Code Civ. Proc., sec. 1963, subd. 20; *Union Construction Co.* v. *Western Union Tel. Co.,* 163 Cal. 298, [125 Pac. 242] ; *Hall* v. *Brown,* 58 N. H. 93; *Gate City Abstract Co.* v. *Post,* 55 Neb. 742, [76 N. W. 471].) Thus far the law will go in giving to the plaintiff the benefit of the presumption which it invokes in aid of the evidence presented by the witnesses Roy and Brown upon the last trial of this cause; thus far, but no farther, and it still remains to be inquired into whether there was any evidence before the trial court which sheds light upon the question whether such expiration notice, in addition to its mere notification that this policy was about to expire, contained a solicitation or offer by the insurer to renew the policy, or contained a notice of

its discontinuance. The court is of the opinion that such evidence exists. The witnesses Roy and Brown agree in stating that the former brought to the office of the authorized agents of the insurer on the afternoon of April 17, 1906, certain renewal slips, among which, according to Roy's testimony, was the renewal slip of this particular policy. Having allowed the presumption to supply the place of proof that an expiration notice was sent by the insurer to Watson, Taylor & Sperry, the employers of Roy and the authorized agents of the insured, an inference is fairly deducible that this renewal slip was the response to that notice; and if so, to that portion thereof which solicited a renewal of the policy; for it would be quite unreasonable to infer that such renewal slip would be prepared and transmitted to the insurer if it had accompanied the expiration notice with the statement that the policy was to be discontinued. The fact that the inference may fairly arise from this testimony that the expiration notice did contain an offer or solicitation for the renewal of the policy, furnishes a sufficient reason why this case should have been submitted to the jury, whose proper function it would be to determine whether or not such inference should be drawn. We think, therefore, that the court erred in withdrawing this case from the jury by its instruction to return a verdict for the defendant.

Judgment and order reversed.

Lennon, P. J., and Kerrigan, J., concurred.