[Civ. No. 4946.   First Appellate District, Division Two.—September 18, 1924.]

## WILLIAM MARDORF et al., Respondents, v. L. E. PENNIMAN, Appellant.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY APPROACHING AUTOMOBILE—LIGHTS—EVIDENCE—FINDING.—In an action for damages for personal injuries received by a pedestrian, who was attempting to cross a highway, when struck by an approaching automobile, where the pedestrian testified that when she started across the highway she saw the lights of defendant's automobile over a block away coming toward her upon the highway, so far as giving warning to said pedestrian is concerned, it is immaterial whether the lights

were bright or dim; but a finding that defendant was operating his automobile with very dim lights is material in connection with the testimony of defendant that he did not see the pedestrian until he was but the length of his automobile from her.

[2] ID.—SOUNDING OF WARNING—EVIDENCE—FINDING.—In such action, the finding that defendant did not sound a warning became immaterial in view of the fact that the pedestrian testified she saw him coming toward her when she started across the street.

[3] ID.—EVIDENCE—APPEAL.—In such action, where the trial court, acting as a jury, concluded that under all the circumstances the conduct of the pedestrian in proceeding across the street after seeing defendant's automobile a block down the highway was not negligence and that the proximate cause of the accident was the heedlessness of defendant, with these conclusions the appellate court has no power to interfere.

(1) 28 **Cyc.,** pp. 38, 49 (Anno.).    (2) 28 **Cyc.,** p. 49 (Anno.).
(3) 4 **C. J.,** p. 876, sec. 2853.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. W. Haswell and Cecil A. Borden for Appellant.

Franklin Swart and Wm. T. Sweigert for Respondents.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for one thousand dollars in an action brought to recover damages for personal injuries alleged to have been suffered by the plaintiff Fannie Mardorf by reason of the negligence of the defendant in operating an automobile upon the public highway in the city of Burlingame, California. The plaintiffs are husband and wife. The answer denied negligence on the part of the defendant and alleged that the injuries were caused by the negligence of the plaintiff Fannie Mardorf.

The case was submitted to the court without a jury, and it was found that at the time and place of the accident, the

3. Rights and duties of pedestrians and vehicles in highways, notes, 4 **Ann. Cas.** 398; **Ann. Cas.** 1914A, 249. See, also, 3 **Cal. Jur.** 870; 2 **R. C. L.** 1182; 13 **R. C. L.** 282, 290.

defendant was operating his automobile "in a careless, negligent, wanton and reckless manner and at an unlawful rate of speed and without sounding a warning signal and with very dim lights and with utter disregard of the safety of the plaintiff Fannie Mardorf; that said automobile of defendants . . . was proximately and directly caused to collide with and strike the plaintiff . . . by and through and solely because of the carelessness, wantonness, negligence and recklessness of the defendant . . . in the operation of said automobile; that none of the injuries or damages that the plaintiff Fannie Mardorf sustained were occasioned solely or at all . . . through the negligence of the plaintiff."

It is the appellant's contention that these findings are not sustained by the evidence. At about 6 o'clock in the evening on October 28, 1922, the defendant was operating an automobile through the city of Burlingame in a southerly direction along the right or westerly side of El Camino Real, the state highway, and was approaching the intersection of said highway with Broadway, at a speed variously estimated at "less than twenty miles an hour" and twenty-five miles an hour or more. It was already dark and the highway was crowded with automobiles and pedestrians and a number of persons who had just come in on a train. Plaintiff attempted to cross the highway from the southeast to the northwest corner, at the usual crossing for pedestrians and within the lines marking out the safety zone. When she had reached a point close to the curbing on the northwesterly corner (estimated at three to eight feet therefrom) she was struck by the right front wheel of defendant's automobile and thrown partly upon the sidewalk. Her ankle and nose were broken, her thumb was severely injured, ribs were fractured and she sustained various bruises and minor injuries, confining her to her bed and to a wheeled chair for several months.

It is contended that even though it be conceded that the lights upon the automobile were dim, that fact does not affect the liability of the defendant, as the plaintiff testified that when she started across the highway, she saw the lights of defendant's automobile over a block away coming toward her upon the highway. [1] It is true that so far as giving warning to plaintiff is concerned, it is immaterial whether

the lights were bright or dim, since she actually did see them. But the finding is material in connection with the testimony of the defendant that he did not see the plaintiff until he was but the length of his automobile from her. As she was crossing the highway, according to her testimony, from the time defendant was a block away from her, it would seem that proper lights upon the automobile would have made defendant aware of her presence upon the highway and her uninterrupted movement across the same before he was so close to her as to make the accident inevitable.

[2] Appellant also makes the point that the finding that he did not sound a warning becomes immaterial in view of the fact that the plaintiff testified she saw him coming toward her when she started across the street. Appellant is, doubtless, correct in this contention, but the judgment does not rest upon this finding alone.

Appellant relies upon the case of *Mayer* v. *Anderson,* 36 Cal. App. 740 [173 Pac. 174]. But in that case the facts were as follows: "According to the *undisputed evidence* of all his witnesses, the plaintiff, at 5 o'clock in the afternoon, when traffic upon the intersection . . . was heavy, walked out upon the crossing looking straight ahead, without glancing to either side and was absolutely oblivious to the proximity of the automobile right up to the moment of the impact, at which time he had traversed about three-quarters of the distance across the street."

In the instant case, the plaintiff testified that she looked to see if automobiles were approaching when she left the sidewalk and saw defendant's machine when it was "way down"; that while she was crossing, she looked again and saw the automobile about "the middle of the block" and that she continued walking fast and was struck just as she was about three feet from the curb.

Another case relied upon by appellant is *Niosi* v. *Empire Steam Laundry,* 117 Cal. 257 [49 Pac. 185]. In that case it was said, quoting from a New York case: "To enter upon a street crossing in a city where the moving vehicles are numerous, and a collision with them likely to produce serious injury, without looking in both directions along the street to ascertain whether any are approaching, and, if so, their rate of speed, and how far from the crossing, would not only

be the omission of reasonable care for one's own safety, but an act of rashness.'' Mrs. Mardorf testified that she looked in both directions; that she was aware of the automobile coming toward her, but that it was a block away and she thought that she might safely cross. She started to walk rapidly across the street, at the intersection, in the safety zone; and if one may not do this because an automobile a block away is approaching, pedestrians must abandon hope of ever getting anywhere.

Appellant has cited the case of *Burlgesser* v. *Bullock,* 40 Cal. App. Dec. 143, but he has evidently overlooked the fact that the language of that decision is not the law of this state, as a hearing was granted in the cause by the supreme court and the opinion filed by that court is reported in 190 Cal. 673 [214 Pac. 649]. That court took a different view from the view of the district court of appeal, distinguishing the cases of *Niosi* v. *Empire Steam Laundry, supra,* and *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031], and said: ''It is sufficient for the purposes of a new trial in this case to say that where the evidence showed that the decedent looked in the direction of the approaching automobile and saw the automobile, and, nevertheless, proceeded to cross the street, it is for the jury to say whether or not his conduct with reference to the approaching automobile was, under all the circumstances at the time and place and conditions of the traffic, negligence on the part of the decedent.''

[3] In the instant case the court, acting as a jury, has concluded that under all the circumstances, the conduct of the plaintiff Fannie Mardorf, in proceeding across the street after seeing defendant's automobile a block down the highway, was not negligence and that the proximate cause of the accident was the heedlessness of defendant. With these conclusions we have no power to interfere.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.