[L. A. No. 11282. In Bank.—September 23, 1931.]

AGNES C. McQUIGG, Respondent, v. C. D. CHILDS et al., Appellants.

Joe Crider, Jr., and Clarence B. Runkle for Appellants.

John B. Haas and John D. Home for Respondent.

SEAWELL, J.—Appeal from a judgment awarding to respondent the sum of $2,500 clear of $250 for incurred physicians' bills and costs of suit. The case was tried by the court, a jury having been waived. The sole question raised by the appeal is that respondent was guilty of contributory negligence and therefore judgment should have gone for appellants.

The injuries were inflicted in the city of Los Angeles at the intersection of Gower Street and Hollywood Boulevard. The former street extends northerly and southerly, while Hollywood Boulevard extends easterly and westerly. A' double track street-car system is operated on Hollywood Boulevard. It is a thoroughfare of some 70 or 80 feet in width, and considerable traffic passes over it. The accident in question occurred at about 7:30 A. M., December 27, 1927.

Respondent, who was intending to board an easterly bound street-car, traveled down the easterly side of Gower Street to a point some thirty feet northerly of the northerly line of Hollywood Boulevard, and from that point cut across Gower Street to the northwesterly corner of the intersection of said streets, and from there, after making observations as to traffic, was hurrying across Hollywood Boulevard to the southerly car track, where a street-car

had stopped to receive and discharge passengers, when said injuries were inflicted while respondent was attempting to reach the car, which had started, but stopped again upon respondent's signal. A crosswalk twelve or fourteen feet in width and corresponding in width with the sidewalks on Gower Street if projected across Hollywood Boulevard, is marked as provided by Ordinance No. 50,515, New Series, of the city of Los Angeles, section 9, article III, which reads as follows: "Pedestrians' right of way at intersections. (a) It shall be unlawful for the operator of any vehicle to drive into any cross-walk, outside of the central traffic district, which is marked as provided in section 11, of this ordinance, while there is in such crosswalk upon the half of the roadway upon which such vehicle is traveling any pedestrian engaged in crossing the roadway, until such pedestrian shall have passed beyond the path of said vehicle."

The crosswalk, as marked in accordance with said ordinance, is, in the instant case, outside of a central traffic district. ▮ The evidence is easily sufficient to sustain a finding that respondent was within the zone in which she had a right to assume that reasonable care would be exercised by motorists to avoid injuring her. The negligence of the driver of the Cudahy Packing Company's truck is not disputed.

▮ Aside from whether respondent was warranted in relying upon the assumption that the zoned area offered at least some protection to pedestrians, we are of the opinion that the question of contributory negligence was one of fact for the trial court to determine from all the evidence in the case. ▮ It is only when the facts are clear and indisputable, and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact. In the instant case the driver of the truck, notwithstanding the boulevard was unobstructed for a distance of seventy-five or more feet, did not see the respondent until he was practically upon her. There is evidence in the record that he was traveling as fast as twenty-five miles per hour or better when crossing the intersection, and that the pavement showed skid marks of from fifteen to twenty feet before the respondent was struck. No horn was sounded or alarm

given by the driver of the truck before the impact. The sudden peril respondent found herself in naturally filled her mind with consternation and she stood practically still when the impact occurred. Fortunately her body fell between the two front wheels of the truck and escaped being broken by its weight. She was beneath the engine when the truck was brought to a stop. Respondent testified that before she attempted to cross the street she looked to her left and saw the truck at a distance of approximately 125 feet away, and she calculated she could cross to the streetcar in safety. We think she had a right to assume that an observance of laws and a reasonable regard for the safety of others on the part of the driver of the truck would not require that she should keep a constant eye upon him under the circumstances of the case. He could have seen her hurrying for the car, as did others, and it was his primary duty to have done so. ▪ When an honest difference of opinion between men of average intelligence arises as to the effect of the evidence, a question of fact arises and the finding of the triers of fact becomes conclusive upon appellate tribunals. The law governing this subject is too well settled to require citations of authorities in cases wherein a conflict of evidence exists. The instant case is within the rule.

Judgment affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.