[Civ. No. 604. Fourth Appellate District.—February 18, 1933.]

EVERETT LUCKE, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Defendants; THE TEXAS COMPANY (a Corporation) et al., Appellants.

Edward C. Mills for Appellants.

Fred A. Wilson for Respondent.

JENNINGS, J.—This is an appeal by certain defendants from a judgment in plaintiff's favor and from the order of the trial court denying a motion of said defendants for a new trial. The action was instituted by plaintiff to recover from four defendants compensatory damages for personal injuries sustained and property damage incurred as the result of a collision which occurred in the city of San Bernardino between an automobile operated by plaintiff and a street-car owned and operated by the defendant Pacific Electric Railway Company in said city and which, at the time of the collision, was under the physical control of the motorman, defendant F. E. Lord. Upon the conclusion of the trial, judgment was rendered in plaintiff's favor as aforesaid against the defendants, who have taken this appeal and in favor of defendants Pacific Electric Railway Company and F. E. Lord.

The collision occurred on D Street in the city of San Bernardino at a point which was between 30 and 40 feet north of the northeast corner of the intersection of Fourth and D Streets. Fourth Street extends from east to west and D Street from north to south. The two streets intersect at right angles. Both streets are paved. Fourth Street is 54 feet in width and D Street is 55 feet wide. A single line of street-car tracks extends from north to south in the middle of D Street. The space between the rails is 5 feet wide. The width of that portion of the street east and west of each rail is 25 feet. On the northeast corner of the intersection there is a lot having a frontage of 150 feet on D Street and 60 feet on Fourth Street. This lot is occupied by an automobile service station.

At 10 o'clock A. M. of July 13, 1929, plaintiff was driving a Chrysler automobile along the north side of Fourth

Street proceeding in a westerly direction at a speed of approximately 12 or 15 miles per hour. When he arrived at the northeast corner of the intersection he turned to the north into D Street. At this time he observed that four automobiles were parked parallel and near to the east curb of D Street and that to the left of the automobiles thus parked a truck of defendant, The Texas Company, was standing in the street, and to the rear of the truck a small automobile was likewise double parked in the street. After plaintiff had turned the corner and had straightened the wheels of his automobile so that he was headed in a northerly direction, he observed for the first time that a street-car of the Pacific Electric Railway Company was moving south on D Street. At the time he made this observation the street-car was distant from him approximately 100 feet. He thereupon turned his automobile as far to his right as was possible and caused its front wheels to be placed under the body of the truck immediately behind its fenders. He then brought his automobile to a stop and shifted into reverse gear for the purpose of backing out of the place of danger in which he found himself. At this time, however, another automobile approached the rear of his automobile from the south and rendered it impossible for him to escape by backing out as he intended. The motorman of the street-car applied the air-brakes in an endeavor to prevent collision with plaintiff's automobile. In this effort he was not successful and as the body of the street-car projected out for some distance over the rails sufficient clearance between the street-car and plaintiff's automobile was not available and a collision occurred, as a result of which plaintiff suffered certain personal injuries and damage to his automobile.

The truck of defendant The Texas Company was a Reo truck having a flat body and side-racks. It was 20 feet in length and the bed was "7 feet 14 inches" in width. It was used for the purpose of transporting barrels of oil. At the time the collision occurred a 50-gallon drum of lubricating oil was being carried in the bed of the truck. The driver of the truck caused it to be parked in the manner indicated for the purpose of delivering to the service station 20 gallons of lubricating oil which he transferred from the drum in the bed of the truck by means of 5-gallon containers. The truck was so parked that there was a space

of approximately 9 feet from the east rail of the street-car track to the nearest edge of the truck. At the time the collision occurred the truck was unattended, its driver being then occupied in making delivery of the oil as above narrated.

It is undisputed that the truck driver, in parking the truck in D Street in the manner hereinabove described, violated an ordinance of the city of San Bernardino which forbids double parking of vehicles in the city streets.

In their appeal from the judgment herein, appellants state that they specify the same grounds urged by them upon their motion for a new trial and the additional reason that the court erred in denying the motion for a new trial. It is, however, apparent that the single reason for reversal relied upon by appellants is that the judgment is not supported by the evidence which was produced during the trial of the action.

The case was tried by the court without a jury and at the conclusion of the trial the court made findings of fact from which it drew certain conclusions of law and from the findings made and the conclusions drawn therefrom rendered judgment. Appellants have not seen fit to specify in what particulars the findings are lacking in evidentiary support except as will hereafter be noted.

Appellants contend that the evidence produced by respondent shows that he was guilty of contributory negligence which was the proximate cause of the collision and that the negligence of appellant, De Armond, the truck driver, if it be conceded that he was guilty of negligence, was not the proximate cause of the collision. In support of the contentions thus advanced a portion of the testimony given by respondent is set forth in appellants' brief.

It appears to be the contention of appellants that respondent was guilty of contributory negligence as a matter of law in failing to see the approaching street-car prior to the time he turned north on D Street. It is conceded that it is the general rule that contributory negligence is a question of fact for the determination of the trial court and that it is only when the facts are clear and undisputable and when no other inference than that of contributory negligence can be drawn from such facts that the issue becomes one of law (*McQuigg* v. *Childs*, 213 Cal. 661, 663 [3 Pac. (2d) 309]).

While there was some evidence that there were certain points along the route followed by respondent as he approached the intersection from which he would have had an unobstructed view of D Street north of the intersection for distances varying from 50 feet to 200 feet, there was also evidence that for the greater part of the route respondent's view of D Street north of the intersection was obstructed by the various buildings and structures of the service station and that immediately prior to his entering D Street and as he made the turn into said street his view to the north was particularly obstructed by the automobiles that were parked parallel to the east curb of said street and more particularly by the truck of appellants, The Texas Company, and the small automobile to the rear of it both of which were standing well out in D Street to the left of the automobiles that were parked alongside the east curb of said street. The undisputed testimony of respondent showed that he approached the intersection and entered it at a speed of from 12 to 15 miles per hour. The above-narrated evidence not only entirely negatives the contention of appellants that respondent was guilty of contributory negligence as a matter of law, but leads to the conclusion that the court was amply justified in finding that the driver of the truck was clearly negligent in parking the vehicle in the manner described in violation of the city ordinance forbidding such double parking.

It is further contended that, conceding that the truck driver was negligent in parking the truck in D Street as above described, nevertheless such negligence was not the proximate cause of the collision because: First, respondent was negligent in proceeding north when he should have seen the street-car approaching him from that direction and should have thereupon immediately stopped his automobile and backed out from the place of danger; second, the driver of the automobile which was standing in D Street immediately to the rear of the truck was negligent in thus parking his automobile and the negligence of this driver was the direct cause of respondent being compelled to drive his automobile too near to the east street-car track to allow clearance for the approaching street-car; third, the act of the driver of the automobile which came up immediately behind plaintiff's automobile after he had come to a stop

and was preparing to back out, in thus approaching so near to respondent's automobile as to prevent his extrication from the place of danger was the wrongful act of a third person which broke the chain of causation. It is a sufficient answer to the threefold contention thus advanced to observe that the question of the proximate cause of the collision which resulted in respondent's injuries was a question of fact to be determined by the trial court from the evidence which was submitted during the trial (*Mardorf* v. *Penniman,* 68 Cal. App. 696 [230 Pac. 12]). It may be further observed that the truck driver was admittedly guilty of negligence in parking the truck as he did and that if it be conceded that the driver of the automobile in the rear of the truck was also negligent in parking his vehicle as he did and the driver of the second automobile which approached too near to the rear of respondent's automobile was likewise negligent in so doing, so that there is presented a case of the negligence of three different individuals concurring and co-operating in causing the collision, nevertheless appellants are not thereby relieved from liability for the obvious and admitted negligence of the truck driver. Assuming that either or both of the drivers of the two automobiles were negligent it was for the trial court to discover from the evidence presented to him whether the negligence of either or both of such automobile drivers was the proximate cause of the collision. The court found that it was the negligence of the truck driver, appellant De Armond, an employee of appellant, The Texas Company, which was the proximate cause of the collision and respondent's resulting injuries. The record contains ample evidence to support the court's finding in this regard.

The judgment and order from which this appeal has been taken are therefore affirmed.

Barnard, P. J., and Marks, J., concurred.