[Civ. No. 10135. First Appellate District, Division Two.—July 1, 1936.]

HUGO FROEHNERT, Appellant, v. J. W. HEIDT, Respondent.

Hubbard & Hubbard for Appellant.

Charles V. Barfield for Respondent.

NOURSE, P. J.—Plaintiff appeals from a judgment of nonsuit entered upon the ground that his evidence made out a case of contributory negligence as a matter of law. The cause was tried before a jury, and the motion was granted at the close of plaintiff's case. The facts are fairly stated in appellant's opening brief as follows:

"Fruitvale Avenue, a two way street about forty-five feet wide, in Oakland, runs north and south. Elmwood Avenue intersects Fruitvale Avenue at approximately right angles, but not in a continuous line. In other words, Elmwood 'jogs' at its intersection with Fruitvale. As Elmwood proceeds east from Fruitvale, its northerly curb line is about even with the southerly edge of Elmwood to the west of Fruitvale, there being no curb lines or sidewalks on Elmwood west of Fruitvale.

"About 11:00 P. M. on May 26, 1935, plaintiff started westerly across Fruitvale Avenue, leaving the easterly curb of Fruitvale at a point even with the northerly side of Elmwood as that avenue runs west from Fruitvale. There were no marked crosswalks across Fruitvale at that time. When plaintiff reached a point near the center of Fruitvale, he stopped to permit a line of five or six southbound automobiles to pass in front of him. He stood in that place while three or four of those cars passed, when he saw defendant's car, about 60 to 80 feet north of him, pull to its left out of this line of traffic and start to pass the cars in front of it. Defendant's car was traveling directly towards plaintiff, who could not proceed westerly because of passing cars. In order to avoid injury to himself, plaintiff tried to return to the easterly curb of Fruitvale, but was struck and injured by the right end of defendant's front bumper when plaintiff was about eight feet from said easterly curb."

Defendant's negligence must be conceded because his breach of duty in attempting to pass the other cars at the intersection was in direct violation of the Vehicle Act, and was, therefore, negligence as a matter of law. ▮▮ Plaintiff was attempting to cross the street in a legal manner and at a proper place; nothing that he did could be said as a matter of law to have been negligence. If he did any act which he should not have done or failed to do anything which he should have done, it was a question for the jury to determine whether he acted as a reasonable person under all.

the circumstances. If he took what, at the moment, seemed to him to be the most reasonable method of saving himself from injury, but, if some other method not here suggested might have been more feasible, it is still a question of what a reasonable person should have done.

The case presents the same situation as was before the Supreme Court in *McQuigg* v. *Childs*, 213 Cal. 661 [3 Pac. (2d) 309],—a case "when an honest difference of opinion between men of average intelligence arises as to the effect of the evidence"—it is not a case in which "reasonable men can draw but the one inference of contributory negligence". (*Gibb* v. *Cleave*, 12 Cal. App. (2d) 468 [55 Pac. (2d) 938].) For this reason the issue was one to have been left with the jury.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 31, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1936.