[Civ. No. 11173. First Appellate District, Division Two.—May 28, 1940.]

ROSINA CORTOPASSI et al., Appellants, v. CALIFORNIA-WESTERN RAILROAD AND NAVIGATION COMPANY (a Corporation) et al., Respondents.

Philander B. Beadle, Clifton Hildebrand and Renzo Turco for Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondents.

STURTEVANT, J.—Joseph Cortopassi, while crossing a railroad track, was struck and killed by a gasoline locomotive. His surviving widow and minor daughter commenced an action to recover damages. The defendants filed an answer containing certain denials and pleading the contributory negligence of the decedent. The case was called for trial before the trial court sitting with a jury. After the jury had been impaneled counsel for plaintiffs made an opening statement. After he had finished, counsel for the defendants made a motion for a nonsuit. The motion was granted and from the judgment entered thereon the plaintiffs have appealed.

In their brief the plaintiffs have copied the proceedings in the trial court. In the brief of the defendants they recopied portions and parts thereof they have italicized. Portions pertinent to the issue presented on this appeal are set forth below. The parentheses are ours. "Mr. Hildebrand: Yes. May it please your honor. Ladies and gentlemen of the jury, I will make a brief opening statement what we expect to prove in this case. The deceased had worked for a good many years for the Union Lumber Company. . . . He was in good health at the time of the happening of this accident and had worked that day. After finishing work on that particular day he had gone over to order or to arrange for the purchase of some lumber on the grounds there of the Union Lumber Company. In going over there he had gone through the yard of the Union Lumber Company *on a path which was regularly used* by the employees of the company and others. He was coming back there after making these arrangements when he was struck by this gasoline locomotive that was being operated by the California-Western Railroad. (Here follow specifica-

tions of negligence of defendants.) They were backing slowly down around this curve, according to the testimony, and Mr. Cortopassi *was walking* so that his back in crossing on the pathway across the track, *his back was in the direction from which they were coming*. As he went to go across this track *they came down around this curve* and there was a logging train on the next track making a great deal of noise, puffing, and with a lot of cars there so that nothing much could be heard on the adjoining track, . . . The deceased *with his back that way* and with such slow moving car coming around the curve, was struck by this car without any lookout on the car and no conductor as the regulations required, and was killed. The deceased was a man *thoroughly familiar with the premises,* had been going back and forth on the pathway and other employees going that way for years. It was a well-known pathway to the yard and thoroughly familiar to everyone in the yard. (Here follows statement of damages.) Mr. Hoge: May it please the court the defense at this stage of the case moves for a nonsuit on the basis of the opening statement made by the plaintiff in the case. According to the opening statement the deceased was entirely familiar with the premises and used the premises for many years. He stepped upon the track and with his back turned was struck by this train, proceeding very slowly. Under the law of this state deceased, under these circumstances was guilty of contributory negligence as a matter of law. . . . The Court: Motion for nonsuit on the opening statement will be granted.''

In making the opening statement, Mr. Hildebrand, acting for the plaintiffs, did not purport to state the case for the defendants. A most careful examination of the statements made by him does not disclose anything to the effect that the decedent negligently stepped onto the railroad track. The statement was to the effect that when the deceased was struck his back was turned to the oncoming locomotive. However, the statement is wholly silent as to what the deceased did or did not do in the exercise of due care immediately before he stepped onto the railroad track. It will be conceded that before attempting to cross the track of the steam railroad the deceased was bound to exercise due care. However, he had a right, at least at some time, to proceed. In proceeding it was his duty to watch his step. He could not, in the exercise of due care, walk forward with his head continually

turned to the rear. Moreover, from the facts before us it appears the deceased was bound to apprehend danger from in front as much as from the rear. The statement contained the expressions ''down'' and ''around this curve''. Those expressions indicate the topography was not level or laid out in straight lines. They tend to indicate that visibility was poor. There is a presumption that a person takes ordinary care of his own concerns. (Code Civ. Proc., sec. 1963, subd. 4.) From the facts contained in the opening statement various inferences in favor of the plaintiff may be drawn. In *Bias* v. *Reed,* 169 Cal. 33, at page 38 [145 Pac. 516], the court said: ''In reviewing an order directing a verdict on an opening statement the appellate court must apply rules analogous to those which govern it in reviewing an order granting a nonsuit after the introduction of evidence.'' And in *Gregg* v. *Western Pac. R. R. Co.,* 193 Cal. 212 [223 Pac. 553], the court was called upon to pass on an order granting a nonsuit after the plaintiff had presented his evidence. On page 216 the court said: ''Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiff. Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff.'' ■ It is only when the facts are clear and indisputable and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact. (*McQuigg* v. *Childs,* 213 Cal. 661, 663 [3 Pac. (2d) 309].) Applying these rules to the present case it is clear it may not be said as a matter of law that the deceased was guilty of contributory negligence. But the sole question presented to the trial court was the contention that the deceased was guilty of contributory negligence. It follows that the motion for a nonsuit should not have been granted and that the effect of granting the motion was to deprive the plaintiffs of a trial on the merits.

The defendants cite and rely on *Clary* v. *Lindley,* 30 Cal. App. (2d) 571 [86 Pac. (2d) 920], *Kelly* v. *Fretz,* 19 Cal. App. (2d) 356 [65 Pac. (2d) 914], and *Mundy* v. *Marshall,* 8 Cal. (2d) 294 [65 Pac. (2d) 65]. Each of those cases presented a wholly different set of facts. In each case the issue

of the contributory negligence of the injured person was not limited to the instant of the impact but covered his movements prior to the impact. In other words, in each case the presumption, if any, was dispelled. (*Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 9 [210 Pac. 269].)

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1940.