[Civ. No. 11185. First Appellate District, Division One.—November 19, 1940.]

JOSEPH M. MURPHY, Respondent, v. ST. CLAIRE BREWING CO. (a Corporation), Appellant.

Bronson, Bronson & McKinnon for Appellant.

James Martin MacInnis for Respondent.

PETERS, P. J.—Defendant appeals from a judgment based upon a jury verdict awarding plaintiff damages for personal injuries in the sum of $3,000 general damages, and $458.50 special damages.

On this appeal the defendant contends that under the evidence the defendant was not negligent, that, as a matter of law, plaintiff was guilty of contributory negligence, and that the trial court erred in giving a certain instruction to which reference will hereafter be made.

A reading of the transcript and briefs demonstrates that, other than the question of the propriety of the challenged instruction, fundamentally the sole issue involved is that of proximate cause—an issue which, except in a very limited number of cases, is a question of fact for the determination of the jury. The jury having impliedly found that defend-

ant's negligence was the sole and proximate cause of the accident, and that finding being amply supported by the record, this court has no power to disturb the judgment.

Respondent is a motorman employed by the Municipal Railway Company of San Francisco. Early in the afternoon of May 19, 1937, he was off duty, and was riding as a passenger on a "D" streetcar, which operates on Geary Street, on his way to the car barn where he was due to go on duty. He had boarded that car at Geary and Larkin Streets. The "B" and "C" cars also pass that intersection on Geary Street. The "D" car turns northerly on Van Ness Avenue, but the "B" and "C" streetcars cross Van Ness Avenue and continue out Geary to the car barn. Respondent had boarded the "D" car because he had observed that the conductor was a friend of his to whom he wished to deliver a message. He intended to leave the car at Geary and Van Ness, and to then board a "B" or "C" car, one of which was following the "D" car. At Van Ness Avenue the "D" car, if traffic permits, does not stop even when the traffic light is red, but makes the turn and stops on Van Ness Avenue. However, there is evidence that about eight out of ten times the "D" car stops at the corner before making the turn because of automobile traffic which must obey the traffic signals.

As already stated, respondent boarded the streetcar at Geary and Larkin. The next cross-street is Polk, and the next is Van Ness. Between Polk and Van Ness the sidewalk on the north side of the street is twelve feet wide. From the curb to the nearest streetcar track is thirteen feet eleven inches. Running parallel to this rail, and a distance of two feet seven and one-half inches northerly therefrom, there is a line of metal staples or tabs driven into the pavement to mark the overhang of the streetcar. Actually, the overhang of the streetcar is but two feet and one-quarter inch, so that there is a seven and one-quarter inch safety factor. At about the middle of the block between Polk and Van Ness, on the northerly side of Geary, along the curb is a loading zone, the curb there being painted the usual yellow. On the day in question a beer truck of appellant, about twenty or twenty-one feet long, desired to make a delivery to a grocery store adjoining the loading zone. Certain automobiles were par-

tially parked in the loading zone so that there was not sufficient room to park the truck parallel to the curb. The driver proceeded to park the truck diagonally to the curb at an angle variously estimated at from forty to seventy degrees. He drove the truck partially up on the sidewalk, the exact distance being a matter of dispute. While the truck was so parked it so projected out into Geary Street that, according to the testimony most favorable to respondent, one corner of the truck projected over the metal safety tabs so that the clearance between a passing streetcar and the rear corner of the truck was but several inches. At the time of the accident, section 41 of the Traffic Ordinance of San Francisco required all vehicles to park parallel with the curb at the place in question. Admittedly, appellant's truck was parked in direct violation of this ordinance.

After boarding the "D" car at Larkin Street, respondent remained on the rear platform of that car and conversed with the conductor. By the time respondent had delivered his message to the conductor, the streetcar was between Polk and Van Ness running at about ten to fifteen miles per hour. The respondent, as already indicated, was intending to alight at Van Ness. He said good-bye to the conductor and moved over to the exit side of the rear platform. He grasped the stanchion that bisects the real platform with his right hand, and with his left hand grasped the side of a folding bench that is normally raised to a vertical position on the rear of such streetcars. He and his witnesses testified that at no time did his feet go down below the platform level—in other words, that he did not step down on the step. He further testified that when the car was about the middle of the block, and without attempting to alight prematurely, he inclined his head beyond the streetcar's side in order to observe traffic conditions in preparation to alight at Van Ness. Immediately upon extending his head beyond the car he was struck by the rear corner of the truck, was knocked from the car, and suffered the serious injuries for which this action was brought.

On this appeal it is urged that, although appellant admittedly was parked in violation of the provisions of the traffic ordinance, such violation was not a proximate cause of the accident, for the reason that the ordinance was not intended to protect streetcar riders. This argument is so

obviously without merit that it deserves but little consideration. Obviously, one of the purposes of such ordinances is to afford the public traveling on the road, including those riding on streetcars, the maximum possible degree of safety. (*Flynn* v. *Bledsoe Co.*, 92 Cal. App. 145 [267 Pac. 887].) That this is one of the purposes of the ordinance is demonstrated by the fact that the ordinance permits the police department to permit diagonal parking on certain streets under certain conditions not here present, but expressly prohibits diagonal parking on streets where streetcars operate unless there is a distance of thirty feet or more from the curb to the nearest rail. Under such circumstances, whether the violation of the ordinance was the sole proximate cause of the injury was a question of fact for the jury. This is illustrated by many cases. (*Kingston* v. *Hardt*, 18 Cal. App. (2d) 61 [62 Pac. (2d) 1376] ; *Scalf* v. *Eicher*, 11 Cal. App. (2d) 44 [53 Pac. (2d) 368] ; *McKay* v. *Hedger*, 139 Cal. App. 266 [34 Pac. (2d) 221] ; see, also, *Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal. App. (2d) 674 [102 Pac. (2d) 422, 104 Pac. (2d) 26], which involved a violation of the identical ordinance here involved.)

■ Appellant's main contention is that respondent was guilty of contributory negligence as a matter of law. This contention is partially predicated on the theory that respondent was violating an ordinance in attempting to alight from a moving streetcar. In support of this theory appellant offered evidence to the effect that respondent had in fact stepped down on the lower step before he was hit. That question of fact was resolved against appellant, on conflicting evidence, by the verdict of the jury. But appellant also contends that the danger was obvious and apparent, citing such cases as *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793] , *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76], and *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801]. No useful purpose would be served by discussing these cases. Each case must turn upon its own facts. Whether the danger was obvious and apparent, whether respondent acted as a reasonable man in placing his head outside the car to observe traffic, and whether the truck could have been seen easily without placing his head outside, were all questions of fact for the jury. ■

It must be kept in mind that respondent was violating no law and was entitled to assume that others would obey the law. (*Kingston* v. *Hardt*, 18 Cal. App. (2d) 61 [62 Pac. (2d) 1376]; *Lucke* v. *Pacific Elec. Ry. Co.*, 129 Cal. App. 707 [19 Pac. (2d) 263].) The presence or absence of negligence on the part of respondent, and the question of proximate cause, were fact questions for the jury. Under the facts of this case its determination is conclusive.

■ The only other contention of appellant is that the trial court erred in giving the following instruction: "You are instructed that under the law of this State every person has a right to assume that every other person will perform his duty and obey the law, and in the absence of reasonable grounds to think otherwise, it is not negligence to assume that he is not exposed to danger which will come to him only through violation of law or duty by such other person, provided that such person himself uses reasonable care to protect his own safety." Appellant contends that this instruction is prejudicially erroneous for the alleged reason that it fails to mention contributory negligence. It is urged that the first part of the instruction should have contained the words that a "person who is himself free from negligence" has the right to expect that the defendant will exercise due care. In this connection appellant places its greatest reliance on the case of *McPherson* v. *Walling*, 58 Cal. App. 563 [209 Pac. 209]. In that case the court held an instruction on this subject to be prejudicially erroneous that failed, except in a very indirect fashion, to refer to contributory negligence. In the present case, as part of the very sentence that informed the jury that plaintiff was entitled to assume that others would obey the law, the jury was also told that this rule only applied "provided that such person himself uses reasonable care to protect his own safety." In other words, the very element omitted in the instruction in the McPherson case, *supra,* was supplied in this case.

Another answer to this contention, if one were needed, is that there are several recent cases holding that an entire omission of the contributory negligence factor in such an instruction is not prejudicial error if the trial court gives, as it did in the case at bar, complete and detailed instructions on contributory negligence. (*Angel* v. *Los Angeles Gas &*

*Elec. Corp.,* 5 Cal. App. (2d) 270 [42 Pac. (2d) 690] ; *Passarelli* v. *Souza,* 37 Cal. App. (2d) 1 [98 Pac. (2d) 809].)

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1941.