[Civ. No. 11532. First Appellate District, Division Two.—March 3, 1941.]

A. B. SHEARER, Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

Thos. J. Straub, W. H. Spaulding and John J. Briare for Appellant.

Julian D. Brewer and O'Connor, Neubarth & Moran for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries and had a verdict for $3,000. Three issues were submitted to the jury—the negligence of defendant, the contributory negligence of plaintiff, and the amount of damage suffered by plaintiff. The defendant concedes that the evidence was conflicting on the first and third issues. Substantial evidence was offered to sustain the verdict upon both of those issues, hence the only question open for argument on this appeal is whether the plaintiff was guilty of contributory negligence as a matter of law.

The evidence upon this issue is without substantial conflict. The plaintiff was the superintendent of the sanitary district in the city of San Anselmo. An unusual windstorm throughout the day had caused damage to defendant's power lines maintained in the city. At about 2 o'clock P. M. one of defendant's power lines parted and fell extending through a tree over and upon a truck used by the sanitary district and parked across the street opposite the offices of the district. At about the same hour plaintiff notified the defendant of the fallen wire and was assured that it would be attended to im-

mediately. Defendant failed to send anyone to fix the wire and also failed to shut off the current. Three hours later two of plaintiff's fellow employees came out of the district offices, one with a bamboo rake and one with a wooden cane, for the purpose of removing the wire from the truck so that it could be driven to its place of storage for the night. Plaintiff followed these employees across the street, and, before they were able to remove the wire, he took hold of the door handle with the intention of examining the contents of the truck before its removal. As he seized the handle of the truck he received an electrical shock causing the injuries for which he sued. His explanation of his conduct is that he assumed that the defendant had turned off the power during the three hours intervening between notice to the company and the time of the injury.

With this state of the facts two principles of law control the decision. (1) ''One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty upon the part of another.'' (19 Cal. Jur., p. 596.) In permitting the charged electric wire to remain upon a public thoroughfare to the peril of the entire public the defendant was maintaining a public nuisance in violation of law. (Pen. Code, secs. 370, 372.) The plaintiff was entitled to assume that this violation would not continue. (2) ''It is only when the facts are clear and indisputable, and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact.'' (*McQuigg* v. *Childs*, 213 Cal. 661, 663 [3 Pac. (2d) 309].)

In denying defendant's motion for judgment notwithstanding the verdict the learned trial judge filed a memorandum opinion which is made a part of the clerk's transcript. This we deem a better practice than that of copying the opinion in the briefs of counsel as here we have a certification that the opinion is a true copy. Though it probably may not be included in a bill of exceptions if the appeal is taken under that method its value in aid of the appeal has long since been recognized. (*Estate of Felton*, 176 Cal. 663, 667 [169 Pac. 392].)

The pertinent portions of the opinion which we approve and adopt as reasons for an affirmance of the judgment read:

■ "It appears without contradiction that the custom at closing time was for Shearer to examine the truck before it was taken home to determine whether or not there were any articles in it that should be removed. From the fact that such was his custom, the jury might infer, if it saw fit to do so, that that was his purpose at the time he was injured. (Wigmore on Evidence, sec. 92, cited in *American Can Co.* v. *Agricultural Ins. Co.,* 27 Cal. App. 647 [150 Pac. 996].) In the case of *Wallis* v. *Southern Pac. Co.,* 184 Cal. 662 [195 Pac. 408, 15 A. L. R. 117], the Court quotes with approval from Greenleaf on Evidence as follows: 'A habit of doing a thing is naturally of probative value, as indicating that on a particular occasion the thing was done as usual, and if clearly shown as a definite course of action, is constantly admitted in evidence.' The court also quotes from Wigmore on Evidence as follows: 'Of the probative value of a person's habit or custom as showing the doing on a specific occasion of the act which is the subject of habit or custom there can be no doubt. Every-day experience and reason make it clear enough.'

"Although this principle is no longer held to be sufficient to raise a presumption of due care on the part of an injured person except in cases where there were no eye witnesses to the accident (*White* v. *Shepardson,* 116 Cal. App. 716 [3 Pac. (2d) 346]), the principle is applicable to a situation such as here involved, where we are not considering presumptions which must be drawn from certain facts but instead are considering possible inferences which the jury might draw.

■ "The jury might also properly have drawn one of two additional inferences from the evidence. The first of such inferences would be that, an adequate time having elapsed within which the defendant company could have attended to the broken wire, as it had said it would do, as a result of the lapse of such time Shearer believed that it had made the necessary repair. If such were the view taken by the jury, it can not be said, in my opinion, that as a matter of law such view was an unreasonable one. In the Kentucky case cited by defendant (*[Kentucky Wagon Mfg. Co.* v. *Gossett,* 142 Ky. 842] 135 S. W. 394) the court held that the plaintiff had attempted to extend the assurance made by the defendant 'beyond the fair import' of the words used. In the instant case we have no such situation presented.''

Here the undisputed evidence is that the defendant was given ample notice and ample opportunity to remove the danger by the simple process of turning off the electric current; that the plaintiff did not know, and had no reason to have known, that the wire was charged with between 2,300 and 4,000 volts instead of the usual voltage of 110 to 220. Hence whether he was reasonable in assuming that defendant would not permit a wire charged with such high voltage to remain upon the thoroughfare was a question of fact for the jury. From the verdict in favor of plaintiff we must assume that the jury drew the inference that plaintiff was not guilty of contributory negligence, and there is no basis upon which an appellate court could rule that such an inference was not reasonable under the facts shown.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied April 2, 1941, and appellant's petition for a hearing by the Supreme Court was denied May 1, 1941.