[Civ. No. 3821. Second Appellate District, Division Two.—July 19, 1922.]

POLK McPHERSON, Respondent, v. J. C. WALLING et al., Appellants.

[1] NEGLIGENCE — COLLISION BETWEEN AUTOMOBILE AND STAGE—PERFORMANCE OF LEGAL DUTY BY DEFENDANT — RIGHT OF PLAINTIFF TO ASSUME—PREJUDICIAL INSTRUCTION.—Where in an action for damages to an automobile caused by a collision with a stage on

Rights and duties of persons driving automobiles on highways, notes, 13 Ann. Cas. 463; 21 Ann. Cas. 648; Ann. Cas. 1916E, 661.

a public highway there was substantial evidence to support the plea of contributory negligence by showing that plaintiff himself was on the wrong side of the road, was exceeding the speed allowed by the Motor Vehicle Act under the circumstances, and was otherwise transgressing the law, and that such transgressions contributed proximately to the collision, it was reversible error to instruct the jury at the request of the plaintiff that the plaintiff had the right to presume that the defendant would at the proper time discharge his proper duties toward the plaintiff.

[2] ID. — CONTRIBUTORY NEGLIGENCE — EFFECT OF NEGLIGENCE OF DEFENDANT — INSTRUCTION. — Any instruction from which the jury might fairly infer that conduct of the plaintiff which amounts to contributory negligence may become free from negligence because of any act of neglect on the part of defendant is contrary to the doctrine of contributory negligence and for that reason cannot be upheld.

[3] ID. — DUTY OF DRIVER OF MOTOR VEHICLE. — It is common knowledge that the traffic upon highways is so great, involving as it does continual streams of powerful vehicles of many classes proceeding at varying rates of speed and not bound to follow any particular track, that such thoroughfares have become places of danger, where one who is himself driving a motor vehicle and who fails to continually take into account the conduct of others and to anticipate their movements as far as possible is negligent.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

Ernest Walling and Power & McFadzean for Appellants.

J. A. Chase and Max B. Jamison for Respondent.

CRAIG, J.—On May 28, 1920, the automobile driven by plaintiff and respondent collided with the stage of the defendant and appellant on a public highway in Tulare County. The respondent charges the appellant with negligence in that connection and asks damages because of injuries to his automobile. The appellant, as a defense and by way of counterclaim, alleged contributory negligence on the part of the respondent. It appears that at the time of the collision smoke of a varying density, sometimes so thick that witnesses testified an object could not be seen

more than ten feet ahead, covered the highway for a considerable distance. A trial by jury was had and verdict and judgment were rendered for the plaintiff and respondent. This appeal is taken therefrom and from the order denying appellant's motion for a new trial.

[1] At the request of plaintiff the court gave the following instruction: "The reasonable care which is required of persons using the public highways must be measured by the conditions and circumstances found to exist at the time and place in question. Each may rightfully expect that the other will, at the proper time, discharge his proper duties toward the other. He may not rely wholly on the care of others, nor on that account neglect to use the precaution which the particular situation demands of him. But he frequently must, to some extent, depend upon others in such situation, and his conduct must be considered in view of the facts determining whether or not there was negligence. His care, or want of care, in such matters is a matter to be determined by the jury from all the circumstances surrounding him at the time and place in question."

We think the giving of this instruction constitutes reversible error. The rule stated in the second sentence and to which recurrence is made in the fourth would disregard the doctrine of contributory negligence. The third sentence does not cure the vice of the instruction taken as a whole. We now proceed to a fuller discussion of these propositions.

By the second sentence of the instruction the jury were told that the plaintiff had the right to expect that the defendant would at the proper time discharge his proper duties toward him, the plaintiff. This statement, standing alone, is not distinguishable from similar instructions which have been held erroneous in other cases. In *Hutson* v. *Southern California Ry. Co.*, 150 Cal. 701 [89 Pac. 1093], the following statement and other language to the same effect in an instruction was held to be error: "The plaintiffs, and each of them, were authorized to assume that the men in charge of the train would approach the crossing with due care." *Thompson* v. *Southern Pac. Ry. Co.*, 31 Cal. App. 567 [160 Pac. 21], is another case in which the same ruling was applied to a similar instruction.

It is true that the opinion in the Hutson case stressed the idea that a railroad crossing is inherently a place of danger. This fact is emphasized as a reason for holding that such an instruction, conveying as it does the suggestion that a traveler may have the right to omit some degree of care in approaching a railroad crossing in reliance upon the presumption that another will perform his full legal duties, is erroneous. But the opinion also states that, "Such a rule would abrogate the doctrine of contributory negligence in all such cases."

In the railroad crossing cases and also *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203], the only claim of negligence on the part of the plaintiff consisted in the assertion that he did not anticipate the negligence of the defendant. In the instant case the error in giving the instruction in question is more apparent and prejudicial to the defendant because there was substantial evidence before the jury that the plaintiff was guilty of contributory negligence by various violations of the motor vehicle law.

Where no question exists as to the lawfulness of the plaintiff's acts it may be proper to instruct the jury that "The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty by such other person" (29 Cyc. 516), but no authority has been called to our attention, and we apprehend none can be found, where such a proposition has been approved in a case where the lawfulness of the acts of plaintiff were themselves in question and an issue existed as to whether or not such unlawful acts were the proximate cause of the injury. *Medlin* v. *Spazier*, 23 Cal. App. 245 [137 Pac. 1078], was a case where the above quotation from Cyc. was cited with approval. It aptly illustrates the type of a case where such a principle of law applies. There the plaintiff was alighting from a car within a zone where the defendant was prohibited by law to run his auto. It was held that the plaintiff, while in this zone, was not negligent in failing to look up and down the street to make sure that drivers of vehicles were not operating the

same contrary to law. But in the instant case there was substantial evidence to support the plea of contributory negligence by showing that the plaintiff was himself on the wrong side of the road; was exceeding the speed allowed by the Motor Vehicle Act under the circumstances, and was otherwise transgressing the law and that such transgressions contributed proximately to the collision. To inform the jury that the plaintiff, acting as he did, might rightfully expect that the defendant would discharge his duty at the proper time without distinguishing between that conduct of the plaintiff which was lawful and that which the jury might find to be unlawful is prejudicially erroneous. It not only directs the jury to apply the rule to the plaintiff's conduct if they find that he himself violated no law, but it would require that they also view such conduct on his part as exceeding the speed limit in the same light and exclude it from consideration on the theory that he had a right to assume that defendant would not break the law. This rule would plainly abrogate the doctrine of contributory negligence.

The instruction before us does not leave it to the jury to decide from all the facts and circumstances in evidence whether or not the plaintiff had a right as a reasonable man to expect that the defendant would perform his legal duty. It forecloses it from deciding the question for itself.

It is earnestly contended by respondent that the cases of *Hutson* v. *Southern California Ry. Co.* and *Thompson* v. *Southern Pac. Ry. Co., supra,* are not applicable because they are both railroad cases in which the doctrine of "stop, look and listen" is peculiarly applicable. Of course, that doctrine applies to railway crossing cases only, but the law of contributory negligence is not limited to any class of actions *ex delicto.* The criticisms of the instructions in these cases, which were similar to that part of the one here in question, were not based alone upon the proposition that especial care was required because the plaintiff in each case was passing over a railway crossing, but upon the broader objection that the principal therein enunciated was squarely opposed to the doctrine of contributory negligence. As our court has well elucidated the matter in *Antonian* v. *Southern Pacific Co.,* 9 Cal. App. 718 [100 Pac. 877], a traveler approaching a railway crossing is only

required to use the care of an ordinarily prudent man; the highest degree of care is not demanded. Ordinary prudence, however, may require, and in such cases does make necessary, cautious conduct such as looking, listening, and sometimes stopping. In requiring such acts of prudence, however, no different principle of law is applied, and no higher degree of care required than in other cases involving the issue of negligence. The difference is wholly one of fact. As a matter of law, it is of no moment whether the alleged contributory negligence of the plaintiff be his failure to stop, look, and listen before crossing the railway, or to observe the inhibition of the Motor Vehicle Act against traveling at an excessive rate of speed, or upon the wrong side of the road or what not. The essential object of inquiry is, Was the plaintiff guilty of contributory negligence? If so, he cannot recover. [2] Any instruction from which the jury might fairly infer that conduct of the plaintiff which amounts to contributory negligence may become free from negligence because of any act of neglect on the part of defendant is contrary to the doctrine of contributory negligence and for that reason cannot be upheld. In cases where the plaintiff has been injured while passing over a railroad crossing it has been held that he was bound to stop, look, and listen for his own protection because a railroad crossing is in itself a place of danger. Common experience and prudence requires such precautions upon his part. In the Hutson case it is said that there are instances where as a matter of law it is negligence not to anticipate the negligence of others, and that the one then before the court was such case. In the case of *Zarzana* v. *Neve Drug Co., supra,* the rule which requires one to anticipate the presence of others having equal rights with one's self is applied to the driver of a motor vehicle upon the public highways. [3] It is common knowledge that the traffic upon our highways is so great, involving as it does continual streams of powerful vehicles of many classes proceeding at varying rates of speed and not bound to follow any particular track, that such thoroughfares have become places of danger, where one who is himself driving a motor vehicle and who fails to continually take into account the conduct of others and to anticipate their movements as far as possible is negligent. Such an-

ticipation is demanded without regard to the Motor Vehicle Act. (*Zarzana* v. *Neve Drug Co., supra.*) At least one who is himself violating that act must then proceed with such caution as to avoid another vehicle whether its driver discharge its duty or not. If he fails to do so and is injured through a collision and his own negligent violation of the law is a proximate contributing cause, he cannot recover; his contributory negligence will bar his right of action; under such circumstances he had no right to assume that the other driver would not be negligent and would discharge his duty. But our Motor Vehicle Act expressly provides: "Any person operating, or driving, a motor, or other vehicle, on the public highway, shall operate, or drive, the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and the use of the highway, and no person shall operate or drive a motor vehicle on a public highway at such a rate of speed as to endanger the life or limb of any person or safety of any property."

If the law were as respondent contends, it would constitute a modification of this statute, which clearly requires the driver to operate his motor vehicle in a "careful and prudent manner." Other provisions of the same statute regulate with greater definiteness the rate of speed, the portion of the highway in which each driver may lawfully proceed, and other details. These mandates are nowhere conditioned that one may lawfully disregard them upon the expectation that others will take heed and discharge their full duty.

Let us now proceed to a further examination of the entire instruction to determine whether or not, regardless of the erroneous statements contained in it, it can be construed as having, in its entirety, contained a correct and reasonably clear statement of the law. The first and last sentences are themselves free from criticism, but have no tendency to qualify the erroneous character of the sentences whose objectionable features have been pointed out. But, after stating in effect that the plaintiff had the right to rely upon the assumption that the defendant would discharge his duty and conduct himself lawfully, the instruction goes on to say "he may not rely wholly upon the care of others, nor on that account neglect to use the precau-

tion which the particular situation demands of him." Respondent asserts that this sentence cured the error in the preceding one, assuming that such error existed. The two statements appear to be both confusing and contradictory. As to whether or not the jury would be misled depends upon the issues involved and the evidence before it. It appears without contradiction that just before the collision the plaintiff had entered an area where the air was filled with smoke. The statement in the instruction that the plaintiff on account of relying upon the care to be used by others may not "neglect to use the precaution which the particular situation demands of him" was probably intended to apply and would have been understood as referring to the precaution which might reasonably be expected of the plaintiff on account of the existence of the smoke. If so understood, that part of the instruction would not modify the proposition previously stated to the effect that the plaintiff had a right to rely upon the defendant at the proper time performing his duties under the law. For example, regardless of the smoke, the plaintiff might proceed at an unlawful rate of speed but keeping his machine under such control that he could stop upon another vehicle coming in sight before a collision would take place, providing the other vehicle was traveling at a lawful rate of speed. Nevertheless, if the plaintiff, proceeding in this negligent manner, and the defendant also was violating the law by exceeding the speed allowed, and a collision resulted which the jury found to be a proximate result of the plaintiff's unlawful conduct, it would be a case of contributory negligence and the plaintiff would not, under such circumstances, have a right to rely upon the defendant discharging his proper duties at the proper time, so that the instruction would have been prejudicially erroneous. Again, the third sentence is contradictory of the second and fourth; at least the whole matter with which the instruction attempts to deal is left in a condition of uncertainty. But an extended consideration of this phase of the matter is unnecessary. The Hutson case is so directly in point as to leave no room for argument. In that case the trial court in the first instance erroneously instructed that, "The plaintiffs, and each of them, were authorized to assume that the men in charge of the train would approach

the crossing with due care." However, as is pointed out in the dissenting opinion of Mr. Justice Shaw, the court further informed the jury that, "while travelers in a vehicle approaching a railroad crossing 'have a right to rely upon the presumption that railway employees engaged in running trains toward such crossing will use precautions to prevent collisions, yet that such travelers have no right, on that account, to relax in any way the vigilance required of them by law in such circumstances and at such a place. They are under the duty of both listening and looking, and of listening and looking at points and places and in such circumstances that the listening and looking will give them protection.' " But the court held that even this statement was insufficient to remove the error in the incorrect portion of the charge. Yet the instruction last quoted is clearly more definite and comprehensive than is the sentence relied upon to cure the error in the instruction here under consideration.

It is easily conceivable that, but for the instruction in question, the jury might have found that the respondent was guilty of contributory negligence. Consequently this error will require a new trial. It will be unnecessary to consider other grounds urged for reversal. The judgment is reversed.

Finlayson, P. J., and Works, J., concurred.