[Civ. No. 7120. First Appellate District, Division Two.—October 23, 1929.]

ALEX J. FORREST, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation) et al., Appellants.

Bryce P. Gibbs for Appellants.

Fredericks, Hanna & Morton for Respondent.

KOFORD, P. J.—This is an action for damages for personal injuries sustained by plaintiff when an automobile milk truck which he was driving was struck by a stage of the defendants in Los Angeles County, one-half mile east of the city of Girard. Plaintiff was proceeding westerly on Ventura Boulevard and was making a left-hand turn into Peralta Avenue when he was struck by the stage which was running east on Ventura Boulevard without headlights. The collision occurred June 5, 1926, in the early morning, at least one-half hour before sunrise.

This is the second trial of the action. The first one, in June, 1927, resulted in a verdict for plaintiff for .$2,000. The defendants moved for a new trial and it was granted. A second trial was had in May, 1928, before a jury, and this time plaintiff obtained a verdict of $20,000. Defendants again moved for a new trial, but the motion was denied.

█ The first point on appeal is that the court erred in admitting testimony of the damages suffered by plaintiff by reason of carbuncles, infection of the bones and partial paralysis, all of the left shoulder, arm and hand, which, according to plaintiff's evidence, were caused by the collision, when these things were not specially alleged in the complaint. The court ruled that the allegations of the complaint were sufficient and allowed the testimony to be received, but at the close of plaintiff's case allowed a supplementary sentence to be added by amendment to the complaint directly alleging the loss of use of the said left member. Defendants did not object to the filing of this amendment, but did claim the right to a continuance to meet the proof. The court, after consideration, denied defendants' motion for a continuance.

The allegation of the original complaint in respect to damages was as follows:

"That in said collision, caused alone by the said acts of the agent of the defendant, Pickwick Stages System, this plaintiff was hurt in his health, strength and activity, and received a profound shock to his nervous system, and received bruises upon the head, body and person, and made sick, sore and lame thereby, and particularly received serious and painful injuries in and around the head, and his back was wrenched, and he received bruises and abrasions on the left shoulder, back, both ankles and both knees; that from said injuries said plaintiff has suffered great physical pain and mental anguish."

In September, 1927, three months after the first trial and eight months before the second trial, a supplementary amendment to the complaint was made, adding to the above-quoted paragraph the following:

"That subsequent to the filing of the original complaint herein, plaintiff has been confined in the Los Angeles county hospital for the period of approximately ten (10) weeks, and is now so confined, and is informed and believes and on that ground alleges that he will be so confined for an indefinite period in the future; that during said confinement plaintiff has been forced to undergo two major operations, all as a result of said accident and the careless and negligent acts of defendants as hereinbefore alleged.

"Plaintiff is informed and believes and upon that ground alleges that the said personal injuries so sustained as aforesaid are permanent and that plaintiff will continue to suffer as hereinbefore set forth and will be permanently disabled as a result thereof.

"Upon the same ground plaintiff alleges that in addition to the moneys paid out for hospital, doctors, nurses and medical bills as hereinafter referred to, plaintiff will be required to expend additional undetermined sums in the future on account of such bills."

The amendment made at the end of plaintiff's case was as follows:

"That plaintiff as a result of the injuries as hereinbefore alleged has lost the use of his left shoulder, left arm and left hand, and the same has become permanently injured and disabled."

The allegations of the complaint as it was amended September, 1927, which was about eight months prior to the

beginning of this trial, were sufficient to inform defendants that they could expect something far more serious in the way of claimed injuries in the approaching trial than in the first trial. These amendments added the following significant items of injuries: ten weeks in hospital with prospect of staying there an indefinite period in the future, two major operations, injuries permanent, permanently disabled and more doctor bills coming. Certainly defendants could not have been taken by surprise unless it be the law that a pleading must itemize each physical result of the injuries like a bill of particulars. The 1927 amendments to the complaint do not sound like the work of one who is attempting to conceal from his adversary the seriousness of the plaintiff's injuries. But that is the claim of appellants in claiming error in the court's refusal to grant a continuance to meet the proof. ■ It is true that the allegations to the effect that "said injuries are permanent and that plaintiff will be permanently disabled" are quite general and that such alleged permanent disability might relate to any one or more of the broadly stated injuries previously alleged. For this reason the complaint was uncertain in respect to what it alleges and was subject to a special demurrer; but that does not mean that it was insufficient to admit the proof received at the trial. "A plaintiff is not required to allege specifically each physical injury sustained or which may have resulted from the accident. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury." (*Kuhns* v. *Marshall*, 44 Cal. App. 588 [186 Pac. 632, 633], and cases cited; see, also, *Martin* v. *Pacific Gas & Electric Co.*, 203 Cal. 291 [264 Pac. 246]; *Dullanty* .v. *Smith*, 203 Cal. 621 [265 Pac. 814]; *Lauder* v. *Currier*, 3 Cal. App. 28 [84 Pac. 217].)

In *Kuhns* v. *Marshall, supra,* evidence of bladder trouble resulting from the accident was admitted under the general allegation that plaintiff was by the accident rendered sick, sore, lame and was physically impaired. In the Martin case, under special circumstances, evidence of curvature of the spine, chorea, endocarditis and likelihood of cancer was admitted under a complaint which did not specifically allege these diseases. In the Lauder case evidence of pleurisy and pneumonia was admitted without being specifically pleaded.

The objection to evidence of the specific diseases and permanent disabilities resulting from the plaintiff's injuries in this case was, therefore, properly overruled. ■ The amendment to conform to proof was unnecessary. ■ The court's denial of appellants' request for a continuance is sustained. The refusal of a continuance was made after due consideration of the circumstances and occurrences at the trial. Appellants' experts were not prevented from making a physical examination of the plaintiff either before or during the trial. In fact, this was done by appellants one week prior to the trial and testimony given of the results of such examination. If appellants were in fact surprised by the respondent's evidence, it was because their counsel unjustifiably took it for granted that the evidence at this second trial would be about the same as at the first trial, despite the nature of the amendments made to the complaint in the interim which sufficiently, if not strongly, indicated that the contrary was to be expected.

■ Appellants also urge that the motion for a new trial should have been granted upon the grounds of newly discovered evidence. The numerous affidavits filed in support of the motion show that if a third trial were allowed the defendants would have more witnesses than upon the second trial. The new evidence in our opinion would add almost nothing to the critical issue in the case with respect to liability as we conceive it to be, which is, what time did the accident happen? Some witnesses stated it was dark, and others light, daylight, daybreak and good daylight. Some were looking west and some east. What appears light to one may seem dark to another. In this state the time, one-half hour before sunrise, gives a more definite idea of maximum visibility than the various opinions of witnesses. The law of this state has fixed that exact time as the earliest in the day that one may motor on the highway without lighted headlamps. The newly discovered evidence gave no promise of helping on this point. This is stated without regard to the counter-affidavits. The counter-affidavits leave no room for this court to decide that the trial court abused its discretion in denying the new trial asked for on this ground. As to the newly discovered evidence in regard to the nature of the damages suffered by plaintiff, the affidavits show that defendants' diligence *after* the trial netted

considerable cumulative expert testimony upon the question of whether plaintiff's permanent disabilities were attributable to the collision and promised some declarations of the plaintiff against interest made October, 1926, concerning his then state of health. The affidavits, however, are deficient in failing to state facts showing diligence of defendants prior to the trial. The affidavits contain only conclusions on this important point. But obtaining a new trial is not merely a matter of drawing up good affidavits; regard must also be had to the counter-affidavits. The decision of the trial court upon the motion for a new trial does not show an abuse of discretion in deciding either that the new evidence would not probably change the result upon a third trial, or that the defendants did not exercise reasonable diligence in endeavoring to discover the evidence before the second trial. For these reasons the motion for a new trial upon the ground of newly discovered evidence was properly denied. (*Estate of Emerson,* 170 Cal. 81, 82 [148 Pac. 523]; *Oberlander* v. *Fixen & Co.,* 129 Cal. 690 [62 Pac. 254]; *Spiegelman* v. *Eastman,* 95 Cal. App. 205 [272 Pac. 761]; 20 Cal. Jur. 184.)

█ The third ground urged for a new trial was the alleged misconduct of two jurors in speaking to a court-room clerk about the progress of the case. The judge investigated the matter in chambers in the presence of counsel. The clerk and the two jurors were sworn and examined. Each juror denied that she had talked about the merits of the case. The trial court resolved this conflict of evidence, and we may not say improperly, on this appeal. Even taking the clerk's version of the matter, it was at most the unimportant chatter of an inexperienced juror. It was improper on the part of the juror, but not serious. The court was well warranted in finding that the indiscretion did not call for a mistrial. Misconduct does not necessitate the granting of a new trial unless it appears that prejudice to the substantial rights of the parties resulted therefrom. (*MacPherson* v. *West Coast Transit Co.,* 94 Cal. App. 463 [271 Pac. 509], and cases cited.)

█ The court gave the jury the following instruction: "You are instructed that, in the absence of all evidence to show whether the plaintiff did or did not do any thing or act required by any law or ordinance at the time of the

collision in question, you must presume that the plaintiff did comply with all laws or regulations governing his conduct.'' Appellants claim this instruction assumed as a fact that there was an absence of all evidence upon the subjects mentioned. If so, it is very slight and indirect and is cured by other instructions upon contributory negligence. In such instruction the expression ''in the absence of all evidence to show'' should be understood to mean ''if the jury finds an absence of all evidence'' and it is not an assumption of fact which is prohibited the trial judge. It is like defining negligence and contributory negligence. That does not assume negligence or contributory negligence to be an established fact in the case.

█ The court also instructed that plaintiff had a right to presume that any other motor vehicle operating on the highway would be lawfully propelled in accordance with the Motor Vehicle Act.

It is claimed that this instruction was reversible error under the authority of *McPherson* v. *Walling*, 58 Cal. App. 563, 565 [209 Pac. 209]. That case, following certain railroad crossing cases, holds that such an instruction ignores the issue of contributory negligence, because it tells the jury that a plaintiff may rely upon the assumption that the defendant will do his duty even though he himself disregards his own duty. The same decision, however, points out cases in which such an instruction may be given without error. Of course they are not cases where there is no issue whatever of contributory negligence. There would be no object in telling the jury what the plaintiff might rely upon or assume if there were no issue as to the reasonableness or carefulness of his conduct. The issue of contributory negligence is one of fact except where the standard of conduct indicates certain definite things. Whether the giving of the instruction constitutes reversible error depends upon whether it has the effect of leading the jury to ignore the issue of contributory negligence. In the instant case the giving of the instruction could mean substantially nothing more than that plaintiff had the right to expect vehicles bearing down on the crossing to have burning headlights, if the time was one-half hour before sunrise. That is the main requirement of the Motor Vehicle Act involved in this case. If there was negligence, it was the absence of headlights. If there

was contributory negligence, it was plaintiff's failure to see the stage. No witness who observed the time of day at the time of the collision fixed the time later than the driver of the stage, who fixed it at 4:10 A. M. The sun rose at 4:42 A. M. on the day and place of the collision. The witnesses disagreed upon whether it appeared to them dark or light; but the law decrees that at one-half hour before sunrise it is dark enough to need headlights. (Motor Vehicle Act, sec. 99, Stats. 1923, p. 546.) Plaintiff could, therefore, charge defendants with actionable negligence for failure to display such headlights, but was not entitled to any instruction which would have the effect of removing from the case the issue of contributory negligence; for even in the absence of headlights on the stage he still had the duty of seeing it, if in the exercise of ordinary care he should have done so. The court instructed the jury very fully upon the issue of contributory negligence. It gave an unusually large number of paragraphs upon this one subject, as if a new and complete paragraph had been prepared for each possible factor entering the law of contributory negligence. It does not seem possible that the jury could have understood that the plaintiff was not obliged to use every reasonable and ordinary precaution for his own safety even though the stage displayed no headlights. We accordingly hold that the instruction does not justify a reversal of the case.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

Appellants' petition for a rehearing, not having been filed within the time prescribed therefor, was denied by the District Court of Appeal. The court was also of the opinion that the petition did not show any meritorious ground for a rehearing.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1929.

All the Justices concurred.