[L. A. No. 13188. In Bank.—December 21, 1933.]

HENRY W. ROLLER et al., Respondents, v. DALEYS INCORPORATED (a Corporation), Appellant.

Clive W. Johnson, Gibson, Dunn & Crutcher, Norman S. Sterry and Joe Crider, Jr., for Appellant.

O'Connor & Findlay for Respondents.

SHENK, J.—Appeal from a judgment entered on a verdict for the plaintiff in an action to recover damages for personal injuries.

The injuries were sustained by Emma F. Roller, who will be referred to herein as the plaintiff, in an automobile accident which occurred at the intersection of D Street and Highland Avenue in the city of San Bernardino. D Street runs in a northerly and southerly direction and intersects Highland Avenue at right angles. The roadway of D Street north of Highland Avenue is thirty feet wide. Highland Avenue is sixty feet wide from curb to curb, except that at the southeast corner of the intersection its area is increased by the diagonal lopping off of the corner of the property line and sidewalk thus giving extra street area for the street-car turn at that corner.

An ordinance of the city required motorists entering the intersection from D Street north of Highland Avenue to come to a full stop before proceeding into the intersection. A boulevard stop sign was maintained at an appropriate place. After midnight of December 11, 1929, the plaintiff was driving alone south along D Street in a Ford sedan. She testified that as she approached Highland Avenue she came to a full stop, at the same time edging more to the right in order to allow a car which was making a short left turn northerly into D Street from Highland Avenue to pass her car. According to the plaintiff's testimony she looked to the west and saw no traffic and then looked to the east and saw no traffic, and specifically that, looking easterly, she saw no traffic in the northerly half of Highland Avenue. There is a clear view down Highland Avenue to the east from where the plaintiff said she stopped. She did not look to the east again and proceeded south across the intersection. Somewhere at or south of the center line of Highland Avenue she testified that her car was struck by a truck and was turned over. The serious injuries received by the plaintiff were principally in the right knee and resulted in a perma-

nent stiffening of the knee-joint and shortening of the right leg, causing a noticeable limp. Issues were raised on the questions of the defendant's negligence and the plaintiff's contributory negligence. The jury returned a verdict of $30,000.

The main contentions on the appeal are that certain instructions were prejudicially erroneous and that the evidence does not support a finding of negligence on the part of the defendant, nor a finding that the plaintiff was not contributorily negligent, nor a finding that the truck collided with the Ford. However, on the last point, there was evidence, including an admission of the defendant, that its truck and driver were in the vicinity at the time, and it was a question for the jury to determine from all the facts and circumstances as testified to by the plaintiff and other witnesses, including their testimony as to the relative positions of the two vehicles after the accident, whether the plaintiff's car was overturned by an independent act of her own or whether she was struck by the defendant's truck. ██ We cannot say that under the facts disclosed the questions of negligence and contributory negligence, although close, were not properly for the jury.

██ The trial court by instruction numbered three, stated to the jury that "the duty devolving upon plaintiff . . . as an ordinarily prudent woman to look in the direction from which danger was to be anticipated did not require that before proceeding across Highland avenue . . . she first ascertain that there were no vehicles traveling westerly over and along any portion of Highland avenue east of D street other than that portion over which vehicles would ordinarily and legally travel while going in a westerly direction." By instruction four, after reading the applicable portion of sections 112 and 123 of the California Vehicle Act relating to the duty of drivers to keep on the right unless the right is obstructed or impassable, the court stated: "If you find from the evidence in this case that Frank A. Hamilton was not at the time of and immediately prior to the accident driving the truck . . . upon the right half of the street and that it was practicable to travel upon the right half of said street, and that such street was not a one-way street, then you are instructed that he was guilty of negligence as a matter of law." Instruction numbered seven was as follows:

"If you find from the evidence that the accident and collision, if any, occurred south of the middle line of Highland avenue, and you find from the evidence that the intersection of Highland avenue and D street was clear at the time Mrs. Roller entered it, then I instruct you that she had a right to assume that no car or truck would enter the intersection from the east and south of the medial or middle line of Highland avenue and collide with her south of such line in the intersection, and if you find from the evidence that Frank A. Hamilton entered the intersection from the east and south of the middle line of Highland avenue, then you are instructed that the defendant . . . was guilty of negligence as a matter of law, and if you find that such negligence, if any, was the proximate cause of Mrs. Roller's injuries and that she was not guilty of negligence contributing proximately thereto, your verdict must be for the plaintiffs."

By the foregoing instructions the jury was told that if the truck was traveling on its left side of the street when no obstruction compelled it to do so, it was guilty of negligence as a matter of law. There was no evidence of the condition of the street. The jury was instructed further that if the entire street was passable the plaintiff need not look to the east only along the northerly half of Highland Avenue for vehicles traveling in a westerly direction; and further that if the intersection was clear when she entered it she could assume that no truck or vehicle would enter the intersection from the east along the south half of Highland Avenue. These instructions viewed in the light of the close questions of fact and the large amount of the verdict, demonstrate error of a prejudicial nature. It has unequivocally been held that instructions of the character of those complained of are prejudicially erroneous because they take from the jury an issue which under the evidence raises a question of fact for it to determine. In this case it was a question for the jury whether the plaintiff observed that care and caution which an ordinarily prudent person would have observed under the circumstances.

"Any instruction from which the jury might fairly infer that the conduct of the plaintiff which amounts to contributory negligence may become free from negligence because of any act of neglect on the part of defendant is contrary to the doctrine of contributory negligence and for that rea-

son cannot be upheld. . . . It is common knowledge that the traffic upon our highways is so great, involving as it does continual streams of powerful vehicles of many classes proceeding at varying rates of speed and not bound to follow any particular track, that such thoroughfares have become places of danger, where one who is himself driving a motor vehicle and who fails to continually take into account the conduct of others and to anticipate their movements as far as possible is negligent. Such anticipation is demanded without regard to the California Vehicle Act. (*Zarzana* v. *Neve Drug Co., supra,* 180 Cal. 32 [179 Pac. 203, 15 A. L. R. 401].) At least one who is himself violating that act must then proceed with such caution as to avoid another vehicle whether its driver discharge his duty or not. If he fails to do so and is injured through a collision and his own negligent violation of the law is a proximate contributing cause, he cannot recover; his contributory negligence will bar his right of action; under such circumstances he had no right to assume that the other driver would not be negligent and would discharge his duty''. (*McPherson* v. *Walling,* 58 Cal. App. 563, 568, 569 [209 Pac. 209, 211].)

The case of *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086], involved an instruction to the effect that every person was entitled to rely on the presumption that every other person would perform his duty to obey the law, and in the absence of reasonable ground to think otherwise, it was not negligence to assume that he was not exposed to danger which comes from a violation of such law or duty. On page 545 the court stated: ''The rule does not apply to 'every person', but applies to one who is himself not negligent. (19 Cal. Jur. 596, and cases there cited.) Reliance upon this presumption will not excuse one who is himself negligent, for such a rule would abrogate the doctrine of contributory negligence. (*McPherson* v. *Walling,* 58 Cal. App. 563 [209 Pac. 209].) A person may not blindly rely upon the unaided care of another, but must use reasonable care to observe the conduct of such other person, so far as this may affect his own safety. (*Simonsen* v. *L. J. Christopher Co.,* 186 Cal. 786 [200 Pac. 615]; *Harris* v. *Johnson,* 174 Cal. 55 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155].) Whether or not reasonable care is used under the circumstances, in relying upon this presumption, is a question for the

jury. (*Mann* v. *Scott* [180 Cal. 550, 182 Pac. 281], *supra;* *Scott* v. *San Bernardino Valley Co.*, 152 Cal. 604 [93 Pac. 677].) The effect of this instruction was to tell the jury that in this case the plaintiff had a right to rely upon the rule stated, irrespective of whether or not he himself was negligent, and that he had a right to assume that he was not exposed to danger, even though he might know he was in a perilous position. The negligence of the defendant, and the contributory negligence of the plaintiff, were questions which should have been left to the jury, and this instruction should not have been given, without qualification.''

The vice of the instructions in the present case is accentuated by the only qualification stated upon the right of the plaintiff to act on the presumption that the defendant would not enter the intersection from the east and south of the center line of Highland Avenue, viz., that the intersection was clear at the time the plaintiff entered it. It is obvious that under the facts and circumstances in the present record the jury might have found that the plaintiff entered the intersection without looking to the east. It is a question for the jury whether the plaintiff in making a boulevard stop and in acting with ordinary prudence should have observed the full width of Highland Avenue to the east before entering the intersection and should have seen the defendant's truck. The cases relied upon by the plaintiff to illustrate that, having entered the intersection from the right of any approaching vehicle, she had the right of way and the right to rely upon the presumption, do not apply in cases where the driver is required to make a boulevard stop. In such a case it is for the jury to determine whether the exercise of ordinary care imposed upon the driver the duty to observe and give the right of way to a vehicle approaching the intersection from the driver's left. The effect, however, of the court's instructions was to absolve the plaintiff from any breach of duty committed by her and to take from the jury the issue of contributory negligence under a state of facts where otherwise a finding by the jury that the plaintiff was guilty of negligence which proximately contributed to her injuries would necessarily have to be upheld. We conclude that the principles of the foregoing cited cases are applicable here and that instructions numbered three and seven

were prejudicially erroneous and entitle the defendant to a retrial of the issues.

We are not, however, persuaded that the plaintiff was not entitled to have instruction numbered four given to the jury in the absence of any evidence at all of the condition of the street. If from the evidence on behalf of the plaintiff the jury could find that the truck proceeded from the east, south of the center line of Highland Avenue and struck the plaintiff's vehicle, the plaintiff under the provisions of the California Vehicle Act has made out a *prima facie* case of negligence on the part of the defendant. It is then incumbent upon the defendant to go forward with evidence that its truck was legally on that side of the street.

The judgment is reversed.

Seawell, J., Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.