[Civ. No. 8742. Second Appellate District, Division One.—March 15, 1935.]

GEORGE M. ANGEL, a Minor, etc., Respondent, v. LOS ANGELES GAS AND ELECTRIC CORPORATION (a Corporation), Appellant.

Paul Overton, Douglas Van Dyke and Neil G. Locke for Appellant.

Charles R. McCarty and Clyde C. Triplett for Respondent.

SHINN, J., *pro tem.*—This is an appeal by defendant Los Angeles Gas and Electric Corporation from a judgment after verdict in an action for personal injuries. Plaintiff, a youth

of nineteen, recovered judgment for damages suffered when he allegedly ran his motorcycle into an unlighted and unguarded excavation which defendant had made in a public street. Three points are urged for reversal, namely: that the evidence was insufficient as a matter of law to support the verdict; that plaintiff was guilty of contributory negligence; and, lastly, error in an instruction given to the jury. While the points are discussed in the briefs in the order stated, we shall first take up the alleged error in the instruction.

The instruction complained of reads as follows: "You are instructed that in operating his motorcycle upon Washington boulevard at the time of the happening of the accident in question the plaintiff, George Angel, had the right to assume that the defendant, Los Angeles Gas & Electric Corporation, had complied with the law and the ordinance of the city of Los Angeles, which has been introduced in evidence, and in this particular, the plaintiff had the right at said time to assume that the defendant, Los Angeles Gas & Electric Corporation, had erected and maintained such guards, barricades and lights as were required by said ordinance of the city of Los Angeles and such as would be constructed under like circumstances by an ordinarily prudent and careful person to warn one lawfully using the street in the night time of the existence, location and limits of the excavation in said Washington boulevard."

It will be seen that the instruction given omits all reference to the question of contributory negligence and is in itself an incomplete and inadequate statement of the law. Other instructions to which we shall later refer were given at the request of defendant, which stated the law sufficiently to inform the jury as to the defense of contributory negligence. If we can say with assurance that the jurors must have understood that such other instructions qualified the specific instruction and that the instructions as a whole were understood by the jurors with the same effect as if the specific instruction had been complete in itself, then the error must be held to have resulted in no prejudice to the defendant. If, on the other hand, we are unable to say that the instructions as a whole were clear and not subject to misconstruction by an untrained and inexpert mind, then

the error was prejudicial to the defendant and the judgment should be reversed.

A brief statement of the manner in which the accident occurred will illustrate the application of the several instructions. Plaintiff was traveling westerly on Washington Boulevard at 8:30 or 8:45 in the evening. From a distance of about half a block away he observed red lights in the street. Some of these admittedly were placed upon a pile of dirt taken from an excavation which was some three by four feet in size and several feet deep between the north rail of the west-bound track and the north curb and far enough from the latter to allow vehicles to pass to the north thereof. The excavation in question was located in the intersection of Washington Boulevard and New England Street and was the most easterly of a series of like excavations in Washington Boulevard. Plaintiff's theory of the case was that, while the pile of dirt was lighted and barricaded, the excavation was not, and that in attempting to pass to the right or north of the dirt pile he ran into the excavation and was thrown from his motorcycle. There was a decided conflict in the evidence as to the exact location of the dirt pile or piles with reference to the excavation and whether the excavation was barricaded or lighted and whether plaintiff's motorcycle struck the excavation at all in traveling to the northwest corner of the intersection. There was testimony on behalf of plaintiff that the excavation at the scene of the accident was neither barricaded nor lighted. This testimony was contradicted by that of defendants' witnesses, who testified that there were piles of dirt on each side of the excavation, except the north side, and that the barricade surrounded not only the dirt piles but the excavation as well; that they were lighted with some ten or twelve red lanterns and that the barricade was standing intact with the lights still burning after the accident. Defendant's theory of the accident was that the motorcycle passed to the north of the excavation, missing it entirely, and that plaintiff's fall was caused by his losing control of his motorcycle and running into the curb. One of defendant's witnesses testified that plaintiff gave such a version of the accident. There was evidence also to the effect that the headlight on plaintiff's motorcycle was located thirty-

five inches above the pavement. Plaintiff testified that the rays from this light hit the pavement at from fifteen to twenty-five feet ahead of the motorcycle. The law applying to headlights on motorcycles which was in effect at the time of the accident required that the maximum beam or intensity of light should not exist lower than two degrees of arc below the level of the lamp. By a mathematical computation defendant shows that the center of a light so adjusted would strike the pavement seventy or eighty feet ahead. There was also a provision of the California Vehicle Act to the effect that it was lawful to so construct and equip a lamp that the beams of light could be deflected downward not more than two additional degrees, making five degrees in all. A lamp so adjusted would throw the center of the beam on the pavement some thirty-four feet ahead. The alleged maladjustment of the light on plaintiff's motorcycle was relied upon by defendant as establishing contributory negligence upon his part. As opposed to this testimony regarding the adjustment of the lamp was the statement of plaintiff based upon an experience of several years in riding motorcycles as a messenger, that the light had a "regular adjustment". These references to the facts are sufficient to show that the defense of contributory negligence urged by defendant was not without support in the evidence and that a finding of the jury that the defense had been sustained would not have been unsupported. The case is therefore one in which the misdirection of the jury in the law of contributory negligence might have led to a conclusion different from one that would have been reached under proper instructions. In such cases it is imperative, in order that juries be not led into error, that the law should be stated with sufficient exactness to leave no doubt upon the subject.

Upon the subject of contributory negligence the court gave not only general instructions but certain special instructions. One of these quoted the provisions of the California Vehicle Act relating to headlights upon motorcycles substantially as the law is hereinbefore stated; the concluding portion of this instruction read as follows: "In other words, plaintiff was bound to observe and comply with the provisions of the act referred to, and if you find from a preponderance of the

evidence that he did not have his headlights adjusted properly so as to comply with the act, and that as a proximate result thereof the accident occurred, then, regardless of how negligent defendant may have been, plaintiff was guilty of such negligence as will bar him from recovering any damages whatsoever.''

Another instruction set forth certain other provisions of the California Vehicle Act relating to the lawful speed of vehicles, following which the following language was used: ''If you find from the evidence that plaintiff was not at said time and place, operating his motorcycle at a careful and prudent speed not greater than reasonable or proper under all the circumstances, including the amount of traffic on the street and the nature of the surface and the width of the street, then, I instruct you, plaintiff was guilty of negligence as a matter of law, and if you further find that such negligence was a proximate cause of the accident herein concerned and the damages resulting therefrom, plaintiff is precluded from any recovery, and your verdict must be for the defendant.''

These two instructions called particular attention to the alleged improperly adjusted headlight relied upon by defendant in support of its defense of contributory negligence, and properly instructed the jury that it was the duty of plaintiff in determining what would be a careful and prudent speed, to take into consideration all the circumstances under which he was using the highway and the conditions which he encountered at the time of the accident. If the jurors in the proper discharge of their duties would necessarily have read these instructions with the one criticised and would have understood therefrom that plaintiff could not recover if the accident was caused in part by his imprudent speed or the improperly adjusted headlight, then, notwithstanding the instruction that he had a right to assume that defendant itself was complying with the law, the jury was properly and sufficiently informed that plaintiff was not excused under any circumstances from driving at a careful and prudent speed, or from having his motorcycle equipped with a headlight which complied with the requirements of the law. We are satisfied that the instructions would have been so read and understood by the jury. In order to reach a different conclusion we would have to assume that the

jurors would understand from the several instructions that plaintiff in reliance upon defendant's compliance with the terms of the city ordinance was thereby excused from driving at a prudent speed and from having a headlight upon his motorcycle which did not comply with the law. Such an assumption we think would be wholly unwarranted. We conclude, therefore, that by these instructions the jury was as adequately instructed on the subject as they would have been had the three instructions been given as one, and that so far as the questions of speed and lights are concerned there was furnished the qualification required to complete the insufficient instruction complained of. We look to the record for other evidence of alleged negligence which might have been relied upon by defendant as establishing plaintiff's contributory negligence. We find nothing which could be urged as establishing such negligence, unless it should be argued that even though the excavation was left unguarded and unlighted, and assuming that plaintiff was traveling at a careful and prudent speed, with an adequate headlight on his motorcycle, he should have observed the open excavation in the street in time to have avoided it. No such argument is presented on the appeal in support of the defense of contributory negligence, and we think it was a minor issue at the trial. Plaintiff was traveling at night on the right-hand side of the street and, as found by the jury, at a careful speed and with a properly adjusted headlight. He observed the red lanterns when he was half a block away and was thereby warned of his danger. If plaintiff's witnesses were believed, as they undoubtedly were, the warning barricade and lights were maintained by defendant over a part but not all of the dangerous area. These facts would show a clear case for an instruction to the jury that defendant might properly have been assumed to be maintaining warnings of the danger as required by the city ordinance; they show, in fact, a case in which the assumption that defendant had complied with the law might properly have been carried to extreme limits. We think it would be quite unusual under such circumstances for a user of the street to assume that the defendant, having taken precautions to safeguard a part of the dangerous area, would leave an excavation in the street unguarded and unlighted.

We have made an extensive examination of the record, from which it is disclosed that the evidence on both sides was directed solely to the question whether any warnings were maintained around the excavation. This was the only issue as to defendant's negligence raised by the amended complaint and this was the issue that was tried. No evidence was offered by defendant for the apparent purpose of showing that if the excavation was in fact unguarded and unlighted yet it could have been seen by plaintiff in the use of ordinary care. Upon the contrary, plaintiff's evidence was to the effect that immediately to the east of the hole on the side from which plaintiff made his approach there was a pile of dirt upon or in front of which was a barricade made of one by six planks. It is true that the defendant had the right to urge in its defense that plaintiff was negligent in not seeing the hole in time to avoid it, even though it was in the condition described by plaintiff's witnesses. Defendant is entitled to the full benefit of this defense, no matter how difficult it may have been to sustain the argument. But we have pointed out that by the two particular instructions, which we have quoted, the jurors were told that they should not understand that plaintiff was excused from complying with the law himself and that his failure so to do, if it contributed to the happening of the accident, would establish a valid defense. The court gave numerous other instructions to the effect that plaintiff was required to act as a reasonably prudent man would under the same or similar circumstances, and that at the time of and previous to the accident it was his duty to use ordinary care, caution and protection for his own safety. We can reach no conclusion other than that the instructions taken as a whole mean, and were understood by the jury to mean, that while plaintiff had the right to assume that defendant had complied with the law, it was yet his duty to exercise his faculties to a reasonable and prudent extent to observe and acquaint himself with any failure of the defendant so to do. Defendant's rights were therefore amply protected and the verdict in favor of plaintiff was not the result of misdirection of the jury as to the proper application of the law of contributory negligence. The authorities support these views.

Appellant relies strongly upon the case of *McPherson* v. *Walling*, 58 Cal. App. 563 [209 Pac. 209], and upon *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086], and *Roller* v. *Daileys Incorporated*, 219 Cal. 542 [28 Pac. (2d) 345]. These were all cases in which instructions similar to the one under consideration were given; they either ignored or insufficiently stated the contributory negligence doctrine. In *McPherson* v. *Walling, supra,* it is said to be improper to give an instruction as to the right of one person to rely upon the exercise of care by another in any case in which the lawfulness of the former's acts is in question. The decision of the case, however, was not based upon that broad ground but upon the proposition that "the instruction before us does not leave it to the jury to decide from all the facts and circumstances in evidence whether or not the plaintiff had a right as a reasonable man to expect that the defendant would perform his legal duty. It forecloses it from deciding the question for itself". It is to be observed that merely charging plaintiff with affirmative acts of negligence does not establish his guilt, nor should it deprive him of the benefit of the legal principle that he had a right to rely upon the defendant's observing the law, so long as he himself did not carry that assumption beyond the limits of prudence and caution. It is proof of negligence, not merely its assertion, that destroys his right to rely upon the exercise of care by other persons.

In the McPherson case there were no general or special instructions on contributory negligence. In *White* v. *Davis* and *Roller* v. *Daileys Incorporated, supra,* the court considered specific instructions and held that they were insufficient under the particular facts involved, and should have been amplified so as to fully incorporate therein the elements of the contributory negligence doctrine, without which they would be misleading to the jury. In neither of these cases was the jury instructed in that doctrine as it was in the instant case. An authority much more in point is *Forrest* v. *Pickwick Stages-System,* 101 Cal. App. 426 [281 Pac. 723], in which the jury had been instructed that plaintiff had a right to presume that another motor vehicle operating on the highway would be lawfully propelled in accordance with the California Vehicle Act. The court there considered numerous instructions on contributory neg-

ligence and reached the conclusion that it did not seem possible that the jury could have understood that the plaintiff was not obliged to use every reasonable and ordinary precaution for his own safety, even though the stage displayed no headlights. The case in hand falls within the doctrine of this authority, which is supported by *DeLannoy* v. *Grammatikos*, 126 Cal. App. 79 [14 Pac. (2d) 542], and *Hoy* v. *Tornich*, 199 Cal. 545 [250 Pac. 565]. In these cases similar instructions were considered and it was held that the instructions on contributory negligence must be presumed to have removed any prejudicial effect of the instructions of which complaint was made.

It would have been better, no doubt, if the instruction complained of, in stating the rule as it did, had also stated the proper exceptions and qualifications. The practice followed of giving an instruction incomplete in itself, relying upon general instructions on contributory negligence to supply the deficiency, is not to be commended. It does not tend toward clearness, nor does it minimize the chances of error as far as possible, but it is not necessarily prejudicial error.

█ We cannot agree with appellant's contention that the verdict lacks substantial support in the evidence. The testimony of plaintiff and his witnesses was not incredible. It was within the province of the jurors to accept it or reject it. They undoubtedly believed it, else they could not have found defendant to be negligent. Taken as true, as it must be on this appeal, it supports the verdict. █ As to the alleged unlawful adjustment of the headlight on the motorcycle, which defendant claims to have proved and thereby to have established contributory negligence on the part of plaintiff, we think the jury clearly had the right to regard the proof relied upon by defendant to be insufficient. The only evidence as to the adjustment of the headlight was furnished by the testimony of plaintiff himself, consisting of inaccurate estimates made upon casual observation and from memory. Plaintiff's testimony as to the distance to the point where the beams of light struck the pavement did not relate to the center of the beam or the maximum intensity of the light, which is the thing regulated by the California Vehicle Act. We think the evidence was too uncertain to justify the jurors in finding that the center beam of light struck the pavement closer to the lamp

than was permitted by law. The jurors had the right to believe, as plaintiff also testified without objection, that the light had the regular adjustment and to conclude therefrom that it was not adjusted at an unlawful angle. The case was fully and fairly presented to the jury and does not call for a retrial.

For the foregoing reasons the judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1935.