[Civ. No. 6260.   Third Appellate District.—January 29, 1940.]

ANDREW PASSARELLI et al., Appellants, v. MANUEL SOUZA, Respondent.

F. M. Ostrander and D. Oliver Germino for Appellants.

C. Ray Robinson, Willard B. Treadwell and W. Eugene Craven for Respondent.

TUTTLE, J.—On the night of July 16, 1938, and at about the hour of 11 o'clock P. M., plaintiff Andrew Passarelli, carrying his eight months' old baby boy, and holding the hand of his three year old daughter, plaintiff Louisa Passarelli, who was on his right, was walking south on the sidewalk on the westerly side of Sixth Street, in the city of Los Banos, and at a point about 118 feet north of the northerly curb of J Street, and in front of the J. C. Penney Company store, the front of which was being altered, and in front of which, due to the alterations, had been built a wooden barricade. At about the time when plaintiffs had reached this point, a collision occurred at the intersection of Sixth and J Streets in said city of Los Banos, between an automobile truck owned and operated by defendant Manuel M. Souza, and an automobile owned by defendant Charles Swift, and being driven and operated by defendant Marjorie Van Dusen. There is a conflict in the evidence in respect to which automobile first entered the intersection. Immediately after the collision between the automobile truck and the automobile, the automobile being driven by Marjorie Van Dusen careened across the sidewalk and hit the barricade in front of the store where

plaintiffs were walking, with the result that the barricade fell upon and injured plaintiffs.

Plaintiffs brought an action for personal injuries, alleging joint and concurrent negligence upon the part of the defendant drivers, Manuel M. Souza and Marjorie Van Dusen. The defendant Van Dusen answered denying negligence upon her part, and filed a cross-complaint against defendant Souza for personal injuries sustained by her. Defendant Souza answered denying negligence on his part and alleging that the accident and the resulting injuries were proximately caused by the negligence of defendant Marjorie Van Dusen. The case was tried before a jury on February 7 to 9, 1939, and the jury returned a verdict in favor of plaintiff Andrew Passarelli in the sum of $12,500, and in favor of Louisa Passarelli in the sum of $5, and against defendants Marjorie Van Dusen and Charles Swift and in favor of defendant Manuel M. Souza. A judgment was entered upon this verdict. Thereafter, plaintiffs moved for a new trial which motion was denied and thereafter perfected the appeal to this court.

The main contention of appellants is that the trial court erred in giving the following instruction:

"I instruct you that the defendant Manuel Souza, in the absence of evidence to the contrary, had a right to assume that the defendant operating the other car involved in this accident would exercise ordinary care and would yield the right of way to said defendant in the manner provided for by law. I further instruct you that the defendant Manuel Souza had the right to assume that the operator of the said vehicle was in a sober condition and maintaining a proper lookout for other vehicles upon said highway, and that his failure to anticipate or to assume, in the absence of evidence to the contrary, that said driver of said vehicle would not so act, cannot be the basis of negligence on the part of the defendant Manuel Souza."

They state their position as follows:

"The above instruction is subject to many objections. In the first place, neither paragraph is qualified by any words that made it necessary for Manuel Souza, before he had the right to assume an obeyance of the law on the part of the co-defendant, to himself be in the exercise of ordinary care."

"Secondly, in the first paragraph of the instruction quoted, the court instructs the jury that the defendant Souza had the right of way, for it tells the jury that he had the right to

assume that the co-defendant would yield the right of way to him as provided by law.

"The entire issue of negligence on the part of the defendant Souza was taken away from the plaintiff by this instruction.

"The court will see by a perusal of the evidence in this case, that there was a sharp conflict as to which defendant entered the intersection first, each having claimed to have done so, and the question as to who had the right of way was one for the jury's determination."

Appellants rely upon the case of *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086], where the following instruction was given:

"I instruct you that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise, it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person."

In holding such instruction erroneous, the court there said:

"The effect of this instruction was to tell the jury that in this case the plaintiff had a right to rely upon the rule stated, irrespective of whether or not he himself was negligent, and that he had a right to assume that he was not exposed to danger, even though he might know he was in a perilous position."

Reliance is also placed by appellants upon the case of *Roller* v. *Daleys, Inc.*, 219 Cal. 542 [28 Pac. (2d) 345], where the court held a similar instruction to be prejudicially erroneous. In the latter case it was held:

"The effect of this instruction was to tell the jury that in this case the plaintiff had a right to rely upon the rule stated, irrespective of whether or not he himself was negligent, and that he had a right to assume that he was not exposed to danger, even though he might know he was in a perilous position. The negligence of the defendant, and the contributory negligence of the plaintiff, where questions which should have been left to the jury, and this instruction should not have been given, without qualification."

In the instant case the question of contributory negligence was not before the jury. There is no valid reason, however, for making any distinction from the foregoing cases upon that ground. Here, the question arose as to which of the

defendants was guilty of negligence, or whether the collision was the result of the joint negligence of the defendants. The jury found that defendant Souza, who was driving the truck, was free from negligence, and found that the proximate cause of the injury was the negligence of the other defendants. (Defendant Swift was the owner of the automobile, but it was driven by defendant Van Dusen at the time of the accident.) The instruction, under the cases cited above, was therefore erroneous, in that it told the jury that defendant Souza had the right to rely upon the rule, irrespective of whether or not he himself was negligent. The vice of the instruction, according to the foregoing authorities, is that it practically assumes that Souza had a right to be where he was without taking additional precautions, and the jury might understand that if he relied upon the assumption that defendant Van Dusen was obeying the law, he was not guilty of negligence. This, it appears, is the line of reasoning adopted by the courts in the cases cited.

The next question is whether or not the giving of the foregoing instruction was prejudicial error, within the meaning of article VI, section 4½, of the Constitution. An examination of the record shows that four instructions were given the jury upon the question of the joint negligence of the defendants. One of these told the jury, in part that: "it is your duty to find against both defendants, even if you find that one defendant contributed ninety-nine per cent, and the other only one per cent to the proximate cause of the injuries to plaintiff". The court fully instructed the jury on the general law of negligence pertaining to the case. Considering the instructions as a whole, we do not believe that the jury could have understood that they should find defendant Souza free from negligence, merely because they were told that he had the right to assume that defendant Van Dusen would exercise ordinary care and yield the right of way to him in the manner provided by law. We therefore hold that the error was not prejudicial, and that the constitutional provision mentioned is applicable. The following excerpt from the case of *Angel* v. *Los Angeles Gas & Elec. Corp.*, 5 Cal. App. (2d) 270–277 [42 Pac. (2d) 690], where a similar instruction was before the court, not only distinguishes the cases here relied upon by appellant, but also points out the lack of prejudice where full instructions are given upon the question of negligence:

"Appellant relies strongly upon the case of *McPherson* v. *Walling*, 58 Cal. App. 563 (209 Pac. 209), and upon *White* v. *Davis*, 103 Cal. App. 531 (284 Pac. 1086), and *Roller* v. *Daleys, Incorporated*, 219 Cal. 542 (28 Pac. [2d] 345). These were all cases in which instructions similar to the one under consideration were given; they either ignored or insufficiently stated the contributory negligence doctrine. In *McPherson* v. *Walling, supra,* it is said to be improper to give an instruction as to the right of one person to rely upon the exercise of care by another in any case in which the lawfulness of the former's acts is in question. The decision of the case, however, was not based upon that broad ground, but upon the proposition that 'the instruction before us does not leave it to the jury to decide from all the facts and circumstances in evidence whether or not the plaintiff had a right as a reasonable man to expect that the defendant would perform his legal duty. It forecloses it from deciding the question for itself.' It is to be observed that merely charging plaintiff with affirmative acts of negligence does not establish his guilt, nor should it deprive him of the benefit of the legal principle that he had a right to rely upon the defendant's observing the law, so long as he himself did not carry that assumption beyond the limits of prudence and caution. It is proof of negligence, not merely its assertion, that destroys his right to rely upon the exercise of care by other persons.

"In the McPherson case there was no general or special instructions on contributory negligence. In *White* v. *Davis*, and *Roller* v. *Daleys, Incorporated, supra,* the court considered specific instructions and held that they were insufficient under the particular facts involved, and should have been amplified so as to fully incorporate therein the elements of the contributory negligence doctrine, without which they would be misleading to the jury. In neither of these cases was the jury instructed in that doctrine as it was in the instant case. An authority much more in point is *Forrest* v. *Pickwick Stages System*, 101 Cal. App. 426 (281 Pac. 723), in which the jury had been instructed that plaintiff had a right to presume that another motor vehicle operating on the highway would be lawfully propelled in accordance with the California Vehicle Act. The court there considered numerous instructions on contributory negligence and reached the conclusion that it did not seem possible that the jury could have understood that the plaintiff was not obliged to use

every reasonable and ordinary precaution for his own safety, even though the stage displayed no headlights. The case in hand falls within the doctrine of this authority, which is supported by *DeLannoy* v. *Grammatikos,* 126 Cal. App. 79 (14 Pac. [2d] 542), and *Hoy* v. *Tornich,* 199 Cal. 545 (250 Pac. 565). In these cases similar instructions were considered and it was held that the instructions on contributory negligence must be presumed to have removed any prejudicial effect of the instructions of which complaint was made.''

In a portion of another instruction the jury were told that:

''If you find from the evidence that Marjorie Van Dusen did not so act, she was guilty of negligence, and if such negligence was a proximate cause of the collision, your verdict must be against her, and not against the defendant Manuel Souza.''

It is contended by appellants that this took away from the jury the right to bring in a verdict based upon joint negligence. While this instruction should properly have been modified to permit such recovery only in the event that such negligence was the *sole* proximate cause of the collision, we cannot see how the jury was misled into believing that they could not bring in a verdict against Souza if the negligence was joint. As we have pointed out, at least four instructions were given to the effect that Souza should be held liable if his negligence contributed in any degree to the collision. We find no prejudicial error in this respect. Another instruction of similar import is also questioned, where the jury was told that plaintiff must prove that the negligence of Souza was the proximate cause of the injuries. What we have said with reference to the preceding instruction is equally applicable to this one. We therefore hold that it was not prejudicially erroneous.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.